## 25920. TRULL v. SMITH, Warden.

FELTON, Justice. 1. In this habeas corpus proceeding the trial court did not err, as complained in enumerated error 1, in sustaining appellee's motion to strike those portions of the petition which alleged that Negroes had been systematically excluded from the grand and traverse juries, since the appellant white man makes no showing as to how he was harmed or prejudiced by the exclusion of Negroes. *Neal v. Smith,* 226 Ga. 96, 97 (2) (172 SE2d 684) and cit.

2. The trial court did not err in failing to furnish to appellant's counsel a copy of the transcript of the record, there being no such requirement of the law. *Law v. Smith,* 226 Ga. 298, 300 (174 SE2d 893). Enumerated error 2 is without merit.

3. Enumerated error 3 contends that the use of the tax digest as the source of the jurors before whom appellant was tried was unconstitutional, as placing an "economic factor" on those eligible for jury service by eliminating those who were so poor as not to be property owners and thereby allegedly depriving appellant of his right of trial by his peers. The requirement that jurors be selected from a tax digest is not unconstitutional on this ground. Strauder v. West Virginia, 100 U. S. 303, 310 (25 LE 664); Brown v. Allen, 344 U. S. 443, 444 (7), 474 (73 SC 397, 97 LE 469). "Accordingly it follows that applicant cannot complain that persons of limited economic means were underrepresented on the juries because they were not on the tax rolls. Roach v. Mauldin, 277 FSupp. 54, s. c. 391 F2d 907." *Massey v. Smith,* 224 Ga. 721 (1) (164 SE2d 786).

4. The question of the appellant's conviction being based on alleged perjured testimony, raised by enumerated error 4, is considered abandoned, since it has not been argued orally or by brief in this court. *Beeks v. State,* 225 Ga. 200 (4) (167 SE2d 156) and cit.

5. Where the undisputed evidence shows that appellant had authorized law officers to examine his automobile and given

them his keys to it, the seizure of a blood-stained road map discovered inside the automobile did not result from an illegal search. *Tolbert v. State,* 224 Ga. 291, 292 (161 SE2d 279); *Marsh v. State,* 223 Ga. 590 (1) (157 SE2d 273). Furthermore, even if the search and seizure was illegal, it was waived by appellant allowing the evidence to be admitted in evidence without objection. Enumerated error 5 is without merit.

6. (a) The trial court did not err in refusing to set aside the conviction on the ground that appellant had not been advised of his right to counsel at the time of his arrest in November 1964, where there was evidence that he was fully advised of his constitutional rights and where he neither confessed nor otherwise admitted his complicity in the murder at such times as he was not represented by counsel.

(b) The right to counsel at a lineup, pronounced in United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149) and Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178), is inapplicable to the present lineup, which was conducted prior to 1967. Stovall v. Denno, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199). The record fails to show that the lineup was illegally constituted in any manner.

(c) Appellant's incarceration for 17 days, allegedly without benefit of counsel, access to his family or use of a telephone, even if true, does not demand a finding that his rights were thereby prejudiced, where he had counsel for 46 days prior to the trial and after the termination of the alleged incommunicado incarceration. Enumerated error 6 is without merit.

Since it does not appear that the previous incarceration under a lawful sentence was illegal, the trial court did not err in remanding appellant to the custody of the warden of the Georgia State Prison.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 13, 1970—DECIDED SEPTEMBER 10, 1970.

*Harold E. Ward, Sr.,* for appellant.
*Daniel Dubberly, Jr., Assistant Attorney General,* for appellee.