## 47816. HARRIS v. THE STATE.

DEEN, Judge. 1. It is basic that a search of the defendant's person may be conducted without a warrant and incident to a valid arrest for the purpose of seizing the fruits of the crime for which he has been arrested (Code Ann. § 27-301 (c)) and that a valid arrest without warrant may be made when the crime is being committed in the presence of the officer. Code § 27-207. The motion to suppress in this case raises only the factual question of whether the testimony of the arresting officers authorizes a finding that the crime of possessing narcotics was within the presence of the officers, that is, within their immediate knowledge, these terms being synonymous. *Piedmont Hotel Co. v. Henderson,* 9 Ga. App. 672 (4) (72 SE 51). The officers, concealed behind open brickwork, watched a suspect whom they were informed was a heroin dealer motion

to the co-defendant to come out of a poolroom. The suspect then reached in his shirt, removed a small cellophane package, took a small paper from the top, passed it to the other, and received in return what appeared to be a roll of money, and replaced the package in his shirt. The arrest was made immediately and the search within 3 or 4 minutes. The co-defendant had one "deck" of heroin (a small cellophane wrapper containing a white powder) and the defendant a packet of five decks and $52 in bills. The observation occurred at night in a well lighted area from a distance which the jury was authorized to find was around 35 feet. Asked whether the paper which he saw passed could not have been chewing gum the officer replied that from the manner in which the defendant drew it out and looked up and down the street before passing it, and from the fact that its ascertainable appearance tallied with that of a deck of heroin, he was satisfied that it was in fact the contraband which analysis proved it to be. The envelope might not have contained heroin; it might have contained salt, but the observed concomitants of the transaction suggest only one answer to a reasonable mind. There must be a middle ground between proof to a mathematical certainty that what one thinks one sees happening is in fact a violation of law, and mere suspicion that it may be a criminal act. It is frequently defined as probable cause. "The standard is that of 'a reasonable, cautious and prudent peace officer' and must be judged in the light of his experience and training. Bell v. United States, 102 U.S. App. D.C., 383, 387, 254 F2d 82, 86." Brinegar v. United States, 338 U. S. 160, 175 (69 SC 1302, 93 LE 1879), quoted in United States v. Williamson, 458 F2d 807, 809. What he sees or apprehends through his senses must be sufficient to convince him *as a fact* that the violation exists, and to enable the judge when challenge is made to agree that such conviction is

justified by what the observer has seen, heard, or otherwise ascertained. The motion to suppress the physical evidence was properly denied.

2. Although there was evidence of a sale, the defendant was charged only with possession of the drug. A statement by the district attorney to the effect that if acquitted the defendant would go out and sell again was made the ground of a motion for mistrial on the ground that it put his character in issue, whereupon the court admonished the jury that the defendant was not on trial for selling and they should not in their deliberations consider any evidence of a sale. The motion was not renewed. Hence, enumeration of error 8 is without merit. *Clyatt v. State,* 126 Ga. App. 779 (4b) (192 SE2d 417).

3. That the trial judge failed to follow a jury recommendation for misdemeanor punishment is not reversible error. *Harris v. State,* 216 Ga. 740 (119 SE2d 352).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
ARGUED JANUARY 3, 1973 — DECIDED JANUARY 30, 1973.

*John W. Rogers, H. Gilman Hudnall,* for appellant.
*Lewis R. Slaton, District Attorney, Carter Goode, Richard E. Hicks, Morris H. Rosenberg,* for appellee.