## 27671. JOHNSON v. THE STATE.

SUBMITTED JANUARY 9, 1973 — DECIDED FEBRUARY 22,1973.

*Philip S. Davi,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Morris H. Rosenberg, James H. Mobley, Jr., Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive*

*Assistant Attorney General, Courtney Wilder Stanton, Frank M. Palmour, Assistant Attorneys General,* for appellee.

GRICE, Presiding Justice. Jerry Lee Johnson was indicted and tried for the offenses of armed robbery and carrying a concealed and unregistered pistol in the Superior Court of Fulton County. He appeals from the judgments of conviction and sentences of ten years for the armed robbery and one year each on the pistol charges.

■ The appellant contends that the trial court erred in overruling his motion to suppress evidence because evidence used against him was obtained when he was illegally arrested, searched and held in custody without a warrant, probable cause or lawful justification.

The transcript of record reveals that when an Atlanta police officer answered a call at a grocery store he was told by employees there that a black male in his twenties had just left the store in a red Fairlane automobile, jacked up in the rear with its license tag wired on and dangling, occupied by three black males about the same age, one of whom wore a "flop hat." The employees told the officer they believed the man had been involved in a robbery of the store two days earlier and also that they recognized the car as having been used in this holdup.

The officer testified that he knew personally that the store had been robbed, so acting on this information he placed a "look-out" over the police radio for the described car. Relying on this "look-out," another police officer stopped a car fitting the description. The appellant was in the back seat. All four men were taken into custody along with a loaded pistol, which was lying on the front seat between the two occupants, and a loaded shotgun with a sawed off butt and barrel, which was protruding from under the front seat.

The appellant urges that this constituted an unlawful arrest because the officer had not obtained a warrant and the corroboration requirements for information obtained

from a confidential informant had not been met; that certain lineup evidence should be suppressed because the arrest was illegal; and that the search of the car during which the weapons were found was likewise illegal.

There is no merit in these contentions.

(a) The crucial question is whether the knowledge of the related facts and circumstances gave the police officers here probable cause and reasonable grounds to believe that the appellant had committed an offense. If it did, the arrest, even without a warrant, was legal; the subsequent search of the car and seizure of the loaded weapons were validly made incident to a lawful arrest; and the motion to suppress was properly overruled.

It is the function of the court to determine if the facts upon which the officer acted would warrant a man of reasonable caution to believe that an offense had been committed. See in this connection Draper v. United States, 358 U. S. 307, 310 (79 SC 329, 3 LE2d 327); Beck v. Ohio, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142); *Peters v. State,* 114 Ga. App. 595 (152 SE2d 647).

The source of the information here was not a confidential informant, whose reliability needed to be substantiated, but rather the victims of the robbery themselves. However, the fact that an automobile and its occupants exactly matching the detailed description given the officer was spotted within the immediate area shortly thereafter itself serves as corroboration of the information given. Moreover, the reasonable cause necessary to support an arrest does not demand the same strictness of proof as proof of guilt upon the trial. *Strauss v. Stynchcombe,* 224 Ga. 859, 865 (165 SE2d 302).

In our view, the information upon which the officers acted here was sufficient to sustain the arrest of the appellant without a warrant.

(b) Since we have ruled that the appellant's arrest was legal his contention that there was an illegal search of the car in which he was riding cannot be sustained.

Moreover, since the weapons were in plain sight no illegal search was involved here.

(c) The appellant's objection to the trial court's failure to suppress certain lineup evidence is likewise invalid.

The transcript of the hearing on the motion to suppress discloses that appellant's counsel withdrew his motion to suppress the identification testimony after the court ruled that the appellant had knowingly and intelligently signed a waiver of lineup. Therefore, any objection to this evidence has been expressly waived, and since the appellant's arrest was lawful the lineup evidence is not the fruit of an illegal arrest as contended.

■ The appellant next urges that the trial court erred in admitting the shotgun into evidence because it was not connected to him, was prejudicial, and had been illegally seized.

This argument cannot be sustained.

The owner of the store robbed testified that the appellant was carrying a pistol and another one of the robbers had a shotgun, which he described; and that the shotgun produced in court "looks like the exact gun I saw the day of the robbery and at Police Headquarters." This was the shotgun found in the car with the appellant and his companions when they were apprehended.

"Under all the evidence and circumstances it was for the jury to determine the fact as to whether or not the weapons introduced in evidence were the same weapons used by the accused and his accomplices in perpetrating the robberies for which he was on trial. [Citations]" *Clements v. State,* 226 Ga. 66 (172 SE2d 600).

The shotgun was properly admitted into evidence and was not prejudicial to the appellant, as contended. For the reasons stated in Division 1 (b) above, the search of the car and seizure of the shotgun were not illegal.

■ Because of the rulings made in Divisions 1 and 2 above, the appellant's enumerations of error concerning admission into evidence of a lineup photograph and the

denial of his motion for mistrial based upon the admission into evidence of the shotgun and the lineup photograph cannot be sustained.

■ The appellant's enumerations that the trial court erred in overruling his motion to dismiss the misdemeanor pistol charges, and that the charge to the jury on the subject was improper, are not meritorious.

(a) The conviction for carrying a concealed weapon was clearly supported by the evidence.

The owner of the robbed store testified that while he was talking on the telephone he saw the appellant and another man outside the store; that while he was still talking on the telephone one of them hit him "in the bend of the leg with something" and he fell down; that when he looked up he saw the appellant with a pistol; and that the appellant then told him to "Get off the phone" and give him the money in the cash register and his billfold, and said "Don't move," and the robbers left the store.

The only logical inference to be drawn by the jury from this evidence was that the pistol was concealed by the appellant on his person until the time that the actual perpetration of the robbery began.

(b) The appellant's contentions that an impermissible burden was placed upon him to prove that he had a license to carry the pistol, and that the trial court erred in charging the jury that he had to rebut the burden of proof in regard to the pistol charge, have been decided adversely to him in the recent decision of *Ezzard v. State,* 229 Ga. 465 (3) (192 SE2d 374).

This court there said: "There is no merit in the appellant's contention that he was required to carry the burden of proof on the two misdemeanor charges. The State had the burden to show, and did show, that the appellant carried a pistol on his person, outside his home, not 'in an open manner and fully exposed to view.' Code Ann. § 26-2901 (Ga. L. 1968, pp. 1249, 1323). The appellant *in defense* had the privilege of showing that he

had a license to carry the pistol. [Cits.] "

What we said there is equally applicable to the evidence and charge to the jury given by the court in the instant case.

■ The appellant protests the trial court's refusal to give a requested charge to the jury from *Patrick v. State,* 75 Ga. App. 687 (2) (44 SE2d 297), to wit: "Where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence. *Davis v. State,* 13 Ga. App. 142 (1) (78 SE 866)."

Although this written request to charge was not included in the record, the substance of the charge appears in the transcript in colloquy between the trial judge and counsel for the appellant.

It should be noted that the *Patrick* case, and others following it, involve circumstantial evidence where the State must prove facts that not only are consistent with the hypothesis of the guilt of the accused, but exclude every other reasonable hypothesis. See, e.g., *Carr v. State,* 119 Ga. App. 540, 544 (167 SE2d 707), and cases cited.

Here however, the appellant was identified by victims of the robbery both at a lineup and in court. The only theory consistent with his innocence was the defense of alibi and this was completely and adequately charged, as requested, by the trial court. The court also fully charged on reasonable doubt. Therefore, the denial of the requested charge does not constitute reversible error.

■ The appellant's final enumeration, that the trial court erred in failing to charge his written request containing language from United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), concerning the unreliability of eyewitness identifications, is not maintainable.

The requested charge is not included in the record and

the colloquy contained in the transcript does not reflect the substance of it, as contended by the appellant. All that appears is the trial judge's response to counsel's objection to its denial, that "Your request No. 5 was denied and that had to do in general with the testimony of a witness in which you cited United States versus Wade."

Counsel for appellant made no effort to perfect the record as provided in Code Ann. § 6-805 (f) (Ga. L. 1965, pp. 18, 24), and nowhere in his brief or argument has he stated what language he contends the court should have charged the jury. Since the trial judge fully charged the jury in regard to determining the credibility of witnesses and on reasonable doubt, this enumeration is without merit. *Geter v. State,* 226 Ga. 236 (6) (173 SE2d 680) (one Justice dissenting on other grounds).

*Judgment affirmed. All the Justices concur.*