## 48513. CONNOR v. THE STATE.

Hall, Presiding Judge. This is an appeal with a certificate from the denial of defendant's motion to suppress marijuana, of which he has been charged with possession of less than one ounce.

At the hearing below, the arresting officer testified that he had been asked by the high school principal to patrol a school parking lot which was generally invisible from the roadway and from which there had been numerous thefts as well as suspected drug traffic. The defendant himself confirmed in his testimony the prevalence of the thefts. The officer saw the defendant's car begin to enter the lot at a normal rate of speed, then slow to a crawl as the occupants evidently spotted the officer. The officer drove up to the car in a side-by-side fashion and spoke to the driver through the driver's rolled down window. The defendant's testimony confirmed that he had rolled down the window, though in his previously-filed affidavit he had denied it. A request for driver's license and other ID was made by the officer and complied with by the defendant. The officer testified that he noticed the excitability and extreme nervousness of the three occupants, and smelled a strong unmistakable odor of marijuana, at which point he asked if the occupants would get out of the car and allow him to look through it. The defendant said "Yes," and at the hearing on his motion to suppress he testified that he consented because he thought that would be the fastest way to get through with the officer's inquiry. The occupants voluntarily got out of the car, and the officer searched the automobile, finding the marijuana in question.

On these facts there was a valid exercise by the officer of the limited

right to speak to and temporarily detain a citizen for a routine check of driver's license or identification. *Anderson v. State,* 123 Ga. App. 57 (2) (179 SE2d 286). See generally, *Craft v. State,* 124 Ga. App. 57 (3) (183 SE2d 371); *Williams v. State,* 129 Ga. App. 103, 105 (198 SE2d 683). The facts show defendant's subsequent consent to search, and a voluntary waiver of any alleged illegal search and seizure, and therefore we do not reach the issue of probable cause. *Touchstone v. State,* 121 Ga. App. 602 (1) (174 SE2d 450); *Trull v. Smith,* 226 Ga. 665 (5) (177 SE2d 73); Annot., 9 ALR3d 858, §§ 5 (h), 18 (1966).

The trial court did not err in overruling defendant's motion to suppress.

*Judgment affirmed. Evans and Clark, JJ., concur.*

SUBMITTED SEPTEMBER 14, 1973 — DECIDED OCTOBER 3, 1973 — REHEARING DENIED OCTOBER 25, 1973.

*Michael H. Dunn,* for appellant.
*Richard Bell, District Attorney,* for appellee.