## 50073. CHANEY v. THE STATE.

WEBB, Judge.

Joe Allen Chaney appeals from his conviction in the Superior Court of Newton County of the offense of theft by receiving stolen property, one offense of forgery in the first degree, and seven offenses of forgery in the second degree.

Chaney and Ison, in a car registered in the name of Ison's father, were stopped by two Covington police officers on the night of February 28, 1974 to investigate the passing of a suspicious check. Chaney and Ison earlier had entered a retail store, selected several small items to

purchase, and presented a payroll check payable to "George T. Leach" purportedly drawn by Georgia Power Company. Mr. Parnell, operator of the store, considered the two to be suspicious, and declined to cash the check, but referred them to a package store further east on the highway. Mr. Parnell then telephoned the police to report his suspicions. The police went to the package store and learned that the two males had just left, and had in fact cashed a Georgia Power Company check payable to Leach. Officer Locklear examined the check, and in his judgment determined that the check was probably a forgery, that it appeared to have been written "on a standard, personalized checkwriter," that usually "they have the name of the company where they stamp it, as far as who it is paid to," and "usually the perforation on the payroll checks that I see are more in line with the dollars and cents amount. Then, this part, the perforations, and from the way it is located on the check, it appeared suspicious to me at the time."

On the basis of that determination, "and on the basis of the description of the automobile and the subjects," the two officers put them under visual surveillance. As the subjects started to leave the city, the officers stopped them and asked for identification. Chaney produced several credit cards, three of which were in the name of George Leach, and one in the name of Brown. Ison said they had just been to the package store on Highway 278, and that the merchandise was in the car trunk. "I asked him at that time would he allow me to look in the trunk of the car. He said he would. He got the keys out of the ignition. He opened the trunk. At that time I observed in the right hand corner of the trunk what appeared to be a checkwriter." (The "checkwriter" turned out to be a stolen Pitney-Bowes postage meter). The merchandise purchased was also in the trunk. The subjects were then taken into custody. Subsequently a search warrant was obtained, whereupon additional credit cards and checks were found in the automobile. Chaney was indicted on eleven counts arising from the arrest and search.

Officer Locklear further testified that at the time they stopped the car, Ison and Chaney were on northbound Highway 81, approaching the Oxford city

limit sign, and had they not stopped the subjects at that time, they would not have been able to investigate and follow up on the incident, and would not have been able to recover the items they did recover.

The sole enumeration of error was the overruling of Chaney's motion to suppress evidence and testimony resulting from the search of the automobile occupied by Chaney and James Ison, Jr. at the time of their arrest without a warrant.

1. The initial search of the car, that is, the opening of the trunk, was with consent of the driver, Ison, according to uncontradicted testimony. The automobile was registered in the name of Ison's father. Ison having freely and voluntarily opened the trunk of the car for inspection, Chaney cannot complain. *Ferguson v. State,* 218 Ga. 173 (8) (126 SE2d 798); *Tolbert v. State,* 224 Ga. 291, 294 (161 SE2d 279); *Trull v. Smith,* 226 Ga. 665 (5) (177 SE2d 73); *Hightower v. State,* 228 Ga. 301 (1) (185 SE2d 82); *Guest v. State,* 230 Ga. 569 (1a) (198 SE2d 158); *Young v. State,* 113 Ga. App. 497, 498 (148 SE2d 461). Subsequently a search warrant was obtained, and a search of the entire car was made. No attack is made on the search warrant.

2. But was there probable cause for the arrest? The chain of events that led to the arrest of Chaney began with the call to the police from the retail store operator that two suspicious looking males wished to purchase some small items and cash a large payroll check, and that he had referred them to a package store down the road. The next link was the arrival of the officers at the package store to learn that the subjects indeed had been there and the operator had cashed a check on Georgia Power Company payable to George T. Leach. So far, perhaps, no probable cause. But Officer Locklear was allowed to look at the check itself, and three aspects of the check struck him as unusual: the perforations were out of line with other printing on the check; the name of the company, usually accompanying the amount on such checks, was absent; and the imprinting of the amount looked as if it had been done with a personally owned machine, Locklear having previously owned one. Because of the suspicions so arrived at based upon his examination of the check, Officer Locklear and the other officer intercepted and

stopped Chaney and Ison, who apparently were then leaving Covington going toward Atlanta. The arrests and seizure of evidence resulted.

The right to arrest a suspected person without a warrant is broader in felony than in misdemeanor cases. *Thompson v. State,* 4 Ga. App. 649 (2) (62 SE 99). An officer has authority to arrest anyone of whom he has a reasonable suspicion that he has committed a felony, without waiting first to procure a warrant. *Robinson v. State,* 93 Ga. 77, 87 (18 SE 1018, 44 ASR 127). What constitutes "reasonable grounds of suspicion" is generally to be determined under the facts of the individual case. *Richardson v. State,* 113 Ga. App. 163 (147 SE2d 653). As Judge Learned Hand said in United States v. Heitner, 149 F2d 105, 106 (C.A. 2): "It is well settled that an arrest may be made upon hearsay evidence; and indeed, the 'reasonable cause' necessary to support an arrest cannot demand the same strictness of proof as the accused's guilt upon a trial, unless the powers of peace officers are to be so cut down that they cannot possibly perform their duties." See *Peters v. State,* 114 Ga. App. 595 (152 SE2d 647).

"It is the function of the court to determine if the facts upon which the officer acted would warrant a man of reasonable caution to believe that an offense had been committed. . . Moreover, the reasonable cause necessary to support an arrest does not demand the same strictness of proof as proof of guilt upon the trial." *Johnson v. State,* 230 Ga. 196, 198 (196 SE2d 385) and citations. Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient in themselves to warrant a belief by a man of reasonable caution that a crime has been committed. Brinegar v. United States, 338 U. S. 160 (69 SC 1302, 93 LE 1879); *Novak v. State,* 130 Ga. App. 780 (204 SE2d 491).

The facts and circumstances in evidence were sufficient to show not only probable cause, but also that there was likely to be a failure of justice for want of an officer to issue a warrant if an arrest were not made immediately, and the arrest of the defendant without a warrant was lawful. Code § 27-207; *Bloodworth v. State,* 113 Ga. App. 278 (147 SE2d 833). The documentary evidence and testimony concerning it were admissible.

*Thompson v. State,* 4 Ga. App. 649, 652, supra; *Jackson v. State,* 111 Ga. App. 192, 194 (141 SE2d 177).
    *Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED JANUARY 7, 1975 — DECIDED FEBRUARY 7, 1975.

*P. Russell Tarver,* for appellant.
*John T. Strauss, District Attorney,* for appellee.