## 50324. WALLER v. THE STATE.

PANNELL, Presiding Judge.

Appellant was convicted of public indecency in that he exposed his private parts to a lady, her six-year-old daughter and 10-year-old son. There was evidence that he had driven by her home previous to the date of the incident in question and talked to her in the driveway of her home concerning location of work on a house that was supposed to be under construction. That early in the day in question he had stopped in the road in front of her house and asked if he could help her; that she told him "no" and went back into her house. That later that day at approximately 5 p.m. he returned, stopped his car in the road approximately 100 feet from her house, got out of the car and went to the back of the car, faced the house and exposed himself to the three persons stated above, who were in the house at the front window. The lady immediately called her husband who was at work and he promptly came home.

The car in which the defendant was riding was identified as a red car with black racing stripes. The husband called the police. Officer Bowen went to the home and talked to the lady and her husband about the incident. The husband and 10-year-old son went with the officer to see if they could find the accused. They located a car in a shopping center that answered the description given. They entered the store and the 10-year-old son pointed defendant out as the man who had exposed himself. Officer Bowen asked him to go with him. He took defendant by the victim's home and she identified him. She swore out a warrant for him shortly thereafter. Defendant testified that the car belonged to him but

denied everything concerning the incident. He was later put in a lineup of five and was again identified by the lady. She and her son positively identified him at the trial.

Defendant made a motion to suppress evidence on the ground that arrest without a warrant was an illegal arrest. This motion was overruled. Also, to suppress evidence of identification of the "one on one type show-up" when he was taken by the house for the lady to see if he was the one in question. This was also overruled. He also questioned the validity of the lineup, and enumerated error on general grounds. He objected to the primary witness being present in court during the opening statement to the jury, after motion for sequestering of witnesses; and he also objected to defendant being at the hearing on motion to suppress evidence over objection of defendant. *Held:*

1. The crucial question is whether the knowledge of the related facts and circumstances gave the police officer cause and reasonable grounds to believe that the appellant had committed an offense. If it did, the arrest, without a warrant, was legal, and the motion to suppress on this ground was properly overruled.

It is the function of the court to determine if the facts upon which the officer acted would warrant a man of reasonable caution to believe that an offense had been committed. See in this connection, Draper v. United States, 358 U. S. 307, 310 (79 SC 329, 3 LE2d 327); *Peters v. State,* 114 Ga. App. 595 (152 SE2d 647).

The source of the information here was not a confidential informant, whose reliability needed to be substantiated, but rather the victim of the exposure alleged. However, the fact that an automobile and its owner (he admitted he owned the car found at the shopping center) exactly matching the detailed description given the officer was spotted within the area of occurrence shortly thereafter, within two hours, itself serves as corroboration of the information given. Moreover, the reasonable cause necessary to support an arrest does not demand the same strictness of proof as proof of guilt upon the trial. *Strauss v. Stynchcombe,* 224 Ga. 859, 865 (165 SE2d 302).

The information upon which the officer acted was

sufficient to sustain the arrest of the appellant without a warrant. This case is controlled by rulings in *Johnson v. State,* 230 Ga. 196 (1a) (196 SE2d 385).

2. The identification of accused by the lady and son at trial was the primary identification. The taking of the suspect by to check with victim if he was the one, after the son identified him, was permissible and was a protection, not a harm to defendant. See Bates v. United States, 405 F2d 1104, 1106 (D. C. Cir. 1968); *Lewis v. Lewis,* 228 Ga. 703, 705 (187 SE2d 872). There was no error committed in admitting this evidence.

3. The lineup, in our opinion, was shown to be fair from all the evidence and photographs in the record. The fact that the lady knew one of the persons in the lineup does not per se make it unfair. There were still four she did not know. See *Powers v. State,* 126 Ga. App. 113 (189 SE2d 893); *Butler v. State,* 226 Ga. 56 (172 SE2d 399); United States v. Hutto, 393 F2d 783 (4th Cir. 1968); Wong Sun v. United States, 371 U. S. 471, 488.

4. The objection of defendant to being present in the courtroom upon his motion to suppress evidence, upon the ground that it provided further identification of him by state witnesses, under all the facts of this case, was harmless even if error. To show reversible error, harm must be shown. We fail to see how he was harmed as the identification relied upon was not pre-trial identification, but was in-trial identification.

5. It is in the discretion of the judge to allow the prosecutor or victim to remain in the courtroom during the opening statements and trial of the case. We find no abuse of that discretion here. See *Hester v. State,* 32 Ga. App. 81 (1) (122 SE 721); *Swain v. State,* 151 Ga. 375 (2) (107 SE 40).

6. There was sufficient evidence for the jury to find defendant guilty. That there was some conflict would not void the verdict as it is a matter for jury determination as to facts.

7. Having found the arrest legal, the objection to identifications because the arrest was illegal falls. We find no error.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED MARCH 10, 1975 — DECIDED MAY 9, 1975 — REHEARING DENIED MAY 28, 1975 — 

*George L. Williams, Jr.,* for appellant.
*A. J. Kemp, Solicitor,* for appellee.