## 33572. RAMSEY v. THE STATE.

UNDERCOFLER, Presiding Justice.

We granted certiorari to consider whether an FBI "rap sheet," upon which no courts, no dates of crimes, convictions or pleas, no indictment numbers or statements of the actual crimes are listed, is sufficient pre-trial notice of prior convictions upon which the state expects to rely and will tender in evidence in aggravation upon the sentence portion of a bifurcated trial. The Court of Appeals held that it was sufficient, relying upon *Peters v. State,* 131 Ga. App. 513, 516 (a) (206 SE2d 623) (1974). We do not agree and reverse.

Billy Joe Ramsey was convicted by a jury of rape and incest. The jury was discharged under Code Ann. §

27-2503 (Ga. L. 1974, pp. 352, 355) and a presentence hearing held. The state tendered a certified copy of a prior conviction for robbery to be considered in aggravation. The defendant objected, arguing that under the terms of the statute, he did not receive notice as required. The state showed it gave the defendant's counsel an FBI "rap sheet" almost two months prior to trial upon which the prosecutor had circled four items, and that the certified prior conviction offered corresponded with the first of these circled notations. The court overruled the objection, admitted the record of the prior conviction and sentenced the defendant to 15 years, 7 years to serve for rape, and 3 years, consecutive, for incest. In relying upon *Peters v. State,* supra, to affirm the lower court, the Court of Appeals held that the FBI "rap sheet" containing a "list of offenses, the date on which committed, and the disposition thereof . . . 'is sufficient notice to the [appellant] of what the State expects to rely upon and of what it will tender in evidence in aggravation upon the sentence portion of the bifurcated trial. It meets the requisites of Code Ann. § 27-2534.' "

1. Code Ann. § 27-2534 was superseded by Code Ann. § 27-2503 in 1974 (Ga. L. 1974, supra.) However, the language relating to notice is identical in the two sections and "The 1974 Act, supra, did not change the evidence which would be admissible at such hearing." *Brown v. State,* 235 Ga. 644, 648 (220 SE2d 922) (1975).

2. The FBI "rap sheet" here is a fingerprint record, listing nine entries under the name of Billy Joe Ramsey. It lists no courts, case or indictment numbers; no list of the convictions, pleas, etc., to stated offenses and therefore, *Peters v. State,* supra, is inapposite. In a disclaimer printed across the bottom of the record, the FBI states the ". . . notations have been furnished to the bureau concerning *individuals of the same or similar names or aliases and are only listed as investigative leads."* (Emphasis supplied.) The form lists the agency forwarding the fingerprint record, the name and number assigned to the defendant, Billy Joe Ramsey, on a date "arrested or received" by the reporting agency, the charge and a disposition. The first entry circled shows the defendant was arrested or received by the Atlanta Police

Department on May 15, 1960, on suspicion of robbery. The disposition column shows "4-6 yrs." This entry is followed by another received from the State Board of Corrections dated 11-12-60 charging burglary with a disposition of 4-6 years. The third entry, received from the Georgia Industrial Institute, Alto, dated 7-17-61, shows a charge of robbery and a disposition of 4-6 years. Nothing on this record indicates whether these entries constitute separate offenses or all relate to a single conviction and subsequent transfer of the defendant between police and detention agencies. Clearly, these entries do not constitute ". . . notice of each specific conviction to be introduced in evidence by the State at the sentencing phase of the trial. . ." *Gates v. State,* 229 Ga. 796 (4) (194 SE2d 412) (1972). Nor does the fact that this "rap sheet" was given to defendant two months before trial alter our conclusion. Admittedly, the defendant has personal knowledge of the history shown and could establish the court, case number and disposition of the listed offenses if the state could do so. However, it would be unreasonable to require the defendant to obtain evidence in mitigation of every possible offense listed and to be prepared to subpoena witnesses for all the alleged offenses on this "rap sheet," especially where the state does not disclose the prior conviction to be introduced until the day of trial. *Queen v. State,* 131 Ga. App. 370 (205 SE2d 921) (1974), cert. den.

*Judgment reversed and remanded for retrial on sentencing only. All the Justices concur, except Jordan and Hall, JJ., who dissent.*

ARGUED JUNE 12, 1978 — DECIDED JUNE 27, 1978.

*Grubbs & Grubbs, Adele P. Grubbs, David S. Marotte,* for appellant.