## 58704. ANDERSON v. THE STATE.

DEEN, Chief Judge.

1. On defendant's trial for selling a $5 package of marijuana to a buyer who was in fact a police officer, a motion to suppress evidence was made based on the contention that the sale, if made, is shown by the evidence to have been made an hour and a half before the arrest and the delayed arrest without a warrant is therefore illegal. We do not attempt to decide this point because where, as here, the defendant has been indicted and convicted, an illegal arrest is not in and of itself a ground of reversal. *Scott v. State,* 123 Ga. App. 675 (2) (182 SE2d 183) (1971). No evidence was offered which was acquired as the result of the arrest and search, and we are at a loss to determine what articles the defendant, in his second ground of appeal, desired to have suppressed.

2. During the examination of the police officer who had made the drug purchase, a photograph was shown to and identified by him as "the picture of the person that I bought off of on Dimmock Street the second time. This is what he was wearing." The photograph was relevant to the case in that there was a considerable questioning of the police officer, particularly on cross examination, concerning the officer's recollection of what the defendant had been wearing at the time the sale was made, and also of how this officer (a rookie narcotics man who described the defendant to the two more experienced detectives who actually made the arrest) identified him. The objection urged to this evidence was that it was prejudicial because it identified a man under arrest. This shot was of course made at the time the defendant was arrested and brought in to the police station, and does not suggest that he had suffered prior arrests or convictions for other offenses. Its admission was therefore not reversible error. "The picture of defendant with an identifying number does not indicate that the defendant was guilty of any previous crime and does not place his character in issue." *Little v. State,* 135 Ga. App. 772 (219 SE2d 19) (1975).

3. The evidence of the arresting officers, although to some extent contradicted, was sufficient to support the conviction, the variances in testimony merely going to the credibility of the witnesses.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED OCTOBER 3, 1979 — DECIDED NOVEMBER 9, 1979.

*Vernon S. Pitts, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.