35358. IRWIN v. THE STATE.

BOWLES, Justice.

Charles Herman Irwin, appellant, was indicted and convicted in Whitfield County, for the murder of U. A. Leadon Rhodes and was sentenced to life imprisonment. He appeals that conviction to this court and assigns four

enumerations of error.

1. Appellant complains about the trial court's "handling" of appellant's Brady motion. Basically he contends that the trial court did not require the prosecution to deliver to him copies of statements taken from key witnesses to the occurrence. He also complains about the trial court's refusal to conduct an "in camera" inspection to determine whether or not there was anything exculpatory in the statements. Appellant argues that he met his burden of showing material prejudice by the state not revealing certain favorable facts to him prior to trial.

"'There is no Georgia statute nor rule of practice which requires the district attorney to open his files to the attorney for the accused, nor is the accused entitled as a matter of right to receive copies of police reports and investigation reports made in the course of preparing the case against the client. [Cits.]'" *Nations v. State,* 234 Ga. 709 (217 SE2d 287) (1975). Accord, *Stevens v. State,* 242 Ga. 34 (247 SE2d 838) (1978) and *Spain v. State,* 243 Ga. 15 (252 SE2d 436) (1979). "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U. S. 83 (1963) at page 87. Explicit in the rule as stated in Brady v. Maryland, supra, is the requirement that the suppressed evidence be material either to guilt or punishment. Moore v. Illinois, 408 U. S. 786 (1972).

*Lundy v. State,* 139 Ga. App. 536, 539 (228 SE2d 717) (1976), citing approvingly from United States v. Agurs, 427 U. S. 97 (1976), states: "Implicit in the requirement of materiality is a concern that the suppressed evidence might have affected the outcome of the trial . . . The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense . . . It necessarily follows that if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means the omission must be evaluated in the context

of the entire record . . . If there is no reasonable doubt about guilt, whether or not the additional evidence is considered, there is no justification for a new trial." In the instant case, appellant immediately admitted having intentionally shot the deceased without any provocation. There were also eyewitnesses. His only defense at trial was that he stumbled and the gun was accidentally fired. The appellant has not illustrated how or in what manner he has been materially affected by the court's handling of his Brady motion. We have, however, examined all the evidence produced by the state, and evaluated the alleged suppressed evidence in the context of the entire record. We conclude that the guilt of the appellant is overwhelming in this instance and that if the trial court did err in any respect in its handling of the Brady motion, it could not materially affect the defendant's defense and could not create any reasonable doubt that did not otherwise exist.

2. Appellant complains that the court erred in instructing the jury as follows: "I charge you that a killing in the spirit of revenge for past wrongs is never justified. Furthermore, provocation by threats will in no case be sufficient to free the person killing from the crime of murder, when the killing is done solely for the purpose of resenting the provocaton thus given."[1]

The evidence, including the defendant's statement to the investigating officer, clearly shows that the victim had been previously married to appellant's sister, and that the victim later lived with appellant's ex-wife. In addition, appellant stated the victim was responsible for his paralysis and that he deliberately shot and killed him. There was no evidence of provocation by the victim. In these circumstances the charge on revenge was appropriate. The remaining portion of the charge on provocation by threats could not be harmful to the defendant under the facts.

---

[1] For similar principles heretofore approved by this court, see *Brown v. State*, 228 Ga. 215, 218 (184 SE2d 655) (1971) and *Moore v. State*, 228 Ga. 662, 663 (187 SE2d 277) (1972).

3. There being no evidence in the case that would support a charge on either involuntary manslaughter or voluntary manslaughter, the court did not err in refusing to give either of these charges even though requested by defendant. See in this regard *Braxton v. State,* 240 Ga. 10 (239 SE2d 339) (1977) and *Davis v. State,* 233 Ga. 638 (212 SE2d 814) (1975).

4. Appellant complains that the trial court refused to give the following specific charge: "The [sic] charge you that if one approaches the habitation of another at such time or such a manner that it is either known or that a reasonable man would know, that he intended, by violence or surprise to commit a felony upon his habitation or some person or property therein, the defendant would not be required to use persuasion, remonstrance or gentle measures, before resorting to extreme force to repel the real or supposed attack even though subsequent events may show no actual attack or assault was intended." The trial judge correctly covered the subject matter of this request in his general charge in the case, and the charge as a whole was not prejudicial to the defendant. It was not necessary to give the exact language of the request where the same principles are fairly given to the jury in the general charge of the court. *Roberts v. State,* 242 Ga. 634, 636 (250 SE2d 482) (1978); *Adams v. State,* 242 Ga. 239, 240 (248 SE2d 638) (1978); *Herrmann v. State,* 235 Ga. 400, 402 (220 SE2d 2) (1975).

*Judgment affirmed. All the Justices concur.*

Submitted September 7, 1979 — Decided November 27, 1979 — Rehearing denied December 18, 1979.

*William Earl Glisson,* for appellant.

*Charles A. Pannell, Jr., District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.