## 65435. BLALOCK v. THE STATE.

BANKE, Judge.

The appellant was convicted of an armed robbery which took place at a convenience store in Cobb County on September 25, 1981. On appeal, his principal contention is that the trial court erred in failing to suppress certain evidence identifying him as one of the perpetrators of the offense. A co-accused arrested by the Marietta police made a confession which implicated the appellant, leading to his subsequent arrest and identification by the robbery victims. The co-accused's confession was subsequently held inadmissible in his case, apparently because it was obtained in return for a sentence recommendation agreement by the state. The appellant asserts that his arrest and subsequent identification by the victims were the fruits of this unlawful confession and that these identifications should consequently have been disallowed. *Held:*

1. "A party will not be heard to complain of the violation of another person's constitutional rights. The only person with standing to complain of the admission of fruits gained from an illegally obtained confession would be the person who made the confession." *Sims v. State,* 243 Ga. 83, 85 (252 SE2d 501) (1979).

2. Appellant also complains of the admission of testimony that he had committed another armed robbery for which he had not been tried. "[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.] Once the identity of the accused as the perpetrator of the . . . [separate offense] . . . has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977). The appellant concedes that the first condition is met but argues that sufficient similarity or connection is lacking. The two robberies both involved convenience stores, and they occurred within 16 days of each other and in the same general area. One

occurred at about 8:50 p.m. and the other at 10:50 p.m. Both were committed by two black males, one noticeably taller than the other. A handgun was used in both cases, and the victims were required to put money from the cash registers into paper sacks. Finally, in each case one of the perpetrators visited the cooler section of the store before the robbery. We find the similarity between the two crimes amply sufficient to authorize the admission of the testimony.

3. During closing argument, the state's attorney made an improper reference to the financial arrangement between the appellant and his counsel. In response to defense counsel's motion for mistrial, the trial court gave curative instructions, and no further request for curative action or renewal of the motion was made. Therefore, the denial of the motion is not subject to review on appeal. See *Harris v. State,* 128 Ga. App. 22 (2) (195 SE2d 262) (1973).

4. Next, appellant contends that the trial court erred in charging the jury on the definition of general criminal intention, OCGA § 16-2-6 (former Code Ann. § 26-605), because his defense was alibi rather than lack of intent. This argument is completely without merit. Intent is an element of the offense, not a defense. We note that the trial court also gave a proper charge on alibi.

5. Finally, appellant complains that the state failed to lay a proper foundation for a tape recording heard by the jury. No such objection was made at trial. " 'Enumerated errors which attempt to raise for the first time questions which were not raised in the trial court present nothing for decision.' " *Griffin v. State,* 230 Ga. 449, 452 (197 SE2d 723) (1973).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 28, 1983.

*Roger L. Curry,* for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney,* for appellee.