65450. CORNELIUS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of criminal attempt to commit armed robbery. The sole basis for the appeal is the enumeration of error that the trial court erred in failing to grant the defendant's motion to suppress the statement obtained from him after an illegal arrest violating his constitutional rights and specifically OCGA § 17-4-20 (a) (formerly Code Ann. § 27-207 (a) (Ga. L. 1975, p. 1209; 1981, pp. 880, 882)). *Held:*

The evidence here disclosed that an attempted robbery occurred when three persons entered a small neighborhood grocery and snack shop in which one of them removed a rifle from under a coat and threatened an employee and the owner of the store. Whereupon, the store owner obtained a pistol and fired one time at the holder of the rifle. The would-be robbers fled the scene, leaving behind the rifle and the coat from which one of the would-be robbers had removed it. Immediately thereafter a person was found lying in the street and identified as being the one who held the rifle during the attempted robbery. The wounded man was removed to a hospital and thereafter at the hospital an investigating officer interviewed the wounded man's mother who made certain statements to the officer with reference to her son and two other males, one of whom was the defendant, who had a rifle with him at her home approximately five minutes before the attempted robbery, her home being located from one to two blocks from the scene of the attempted robbery. Shortly after this conversation the officer learned that the defendant was at the hospital, and he was immediately identified and taken into custody. Defendant was then advised of his Miranda rights and made

a statement which was ultimately reduced to writing and signed by him.

Immediately prior to trial a Jackson-Denno hearing was held to determine the voluntariness and legality of the statement made by the defendant shortly after his arrest and also to determine the legality of the arrest itself. Generally, probable cause for an arrest without a warrant exists when the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a belief by a man of reasonable caution that a crime has been committed. See *Chaney v. State,* 133 Ga. App. 913, 915-917 (2) (213 SE2d 68). Clearly there was probable cause for the warrantless arrest of the defendant here based upon the information derived by the police with reference to the attempted robbery, the wounding of one of the would-be robbers removed to the hospital and the information supplied by a private citizen (the mother of the wounded man). The arrest was immediately made without a warrant after learning that the defendant was present in the hospital. Clearly, OCGA § 17-4-20 (a) (Code Ann. § 27-207), supra, authorized the arrest under the clause "likely to be a failure of justice for want of a judicial officer to issue a warrant," the investigation being underway at that particular point in time immediately following (within an hour of) the crime. See in this connection *Morgan v. State,* 241 Ga. 485, 486-488 (1) (246 SE2d 198); *Ellis v. State,* 248 Ga. 414 (1), 415 (283 SE2d 870); *Borden v. State,* 247 Ga. 477, 479 (2), 480 (277 SE2d 9). The warrantless arrest was justified, and the trial court did not err in denying the motion to suppress the statement obtained from the defendant immediately after his arrest.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MARCH 16, 1983.

*John R. Francisco,* for appellant.
*Willis B. Sparks III, District Attorney, George F. Peterman III, Assistant District Attorney,* for appellee.