## 66718. KING v. THE STATE.

POPE, Judge.

Appellant was convicted of armed robbery and aggravated assault on February 11, 1977. He now brings this appeal. *Held:*

1. Appellant's first enumeration of error contends that the trial court erred in allowing into evidence testimony concerning appellant's lineup identification and the in-court identification that followed. Appellant argues that the lineup identification should have been suppressed for several reasons: counsel was not present, an insufficient number of persons were involved in the lineup and the lineup was composed of individuals of dissimilar height.

The fact that appellant was not represented by counsel at the lineup was not raised in any manner in the trial court. " 'Grounds which may be considered on appeal are limited to those which were urged before the trial court. (Cit.)' " *Stephens v. State,* 164 Ga. App. 398, 399 (297 SE2d 90) (1982).

A pre-indictment lineup does not require a per se exclusionary rule. Rather it should be scrutinized to determine if it was " 'unnecessarily suggestive and conducive to irreparable mistaken identification.' " *Yancey v. State,* 232 Ga. 167, 169 (205 SE2d 282) (1974). The record shows that the lineup was composed of six individuals and the heights of those individuals ranged from five feet four inches to five feet nine inches. We do not find this lineup unnecessarily suggestive. See *Payne v. State,* 233 Ga. 294, 300 (210 SE2d 775) (1974). Moreover, it follows that because the lineup was not unnecessarily suggestive, the in-court identification was not tainted, and the trial court did not err in allowing the in-court identification into evidence. See *Payne v. State,* supra. There is no merit in this enumeration of error.

2. Appellant cites as error the admission of a rifle into evidence on two grounds: (1) the search and seizure of the rifle was warrantless and illegal and (2) the rifle was not shown to be connected to the appellant and therefore was not relevant. The search and seizure issue has been decided adversely to the appellant in *Dunbar v. State,* 163 Ga. App. 243 (292 SE2d 897) (1982). Although in *Dunbar v. State,* supra, we stated that the rifle was proven to be connected with the robbery, we offer the following amplification.

The rifle was identified by a deputy sheriff as the one which was found in the weeds behind the mobile home where appellant was arrested near a set of tire tracks leading to appellant's vehicle. The victim further identified the rifle as the one used in the armed robbery or one identical to it.

"It appears without dispute that the crime was committed with a [rifle], and it would make no material difference whether or not the weapon it was sought to identify was the particular [rifle] with which the [armed robbery] was committed. The identification was sufficient to authorize the jury to decide, under the evidence relative to identification, whether or not it was the identical weapon used by the [appellant]." *Lively v. State,* 178 Ga. 693, 695 (173 SE 836) (1934). Accord, *Jung v. State,* 237 Ga. 73 (1) (226 SE2d 599) (1976). The trial court did not err in admitting the rifle into evidence.

3. The next enumeration of error alleges that the trial court erred by allowing a tape-recorded confession into evidence because a proper foundation had not been laid. According to *Steve M. Solomon, Jr., Inc. v. Edgar,* 92 Ga. App. 207, 211-212 (88 SE2d 167) (1955), "[a] proper foundation for [the use of tape recordings] must be laid as follows: (1) It must be shown that the mechanical transcription device was capable of taking testimony. (2) It must be shown that the operator of the device was competent to operate it. (3) The authenticity and correctness of the recording must be established. (4)

It must be shown that changes, additions, or deletions have not been made. (5) The manner of preservation of the record must be shown. (6) Speakers must be identified. (7) It must be shown that the testimony elicited was freely and voluntarily made, without any kind of duress."

Appellant's only complaint concerns the manner of preservation. Appellant does not allege that the tape recording is inaccurate; he only complains that the chain of custody was not established. According to appellant the tape was not in Detective Alligood's constant possession but was out of his possession during the time it was being transcribed. After reviewing the record we are satisfied that there was no flaw in the chain of custody. Detective Alligood testified that the transcript of the tape was the same as the tape itself. Furthermore, constant possession by Detective Alligood was not required to establish a chain of custody. See, e.g., *Law v. State,* 165 Ga. App. 687 (5) (302 SE2d 570) (1983); *Strong v. State,* 161 Ga. App. 123 (291 SE2d 33) (1982).

4. The issues raised in both the fifth and sixth enumerations of error have been decided adversely to the appellant in *Dunbar v. State,* supra.

5. Appellant's seventh enumeration of error alleges that the trial court erroneously charged the jury on the recent possession of stolen property. Appellant argues that the jury instruction shifted the burden of proof and eased the state's burden by permitting a finding of guilt based on a self-perpetuating circle of presumptions. However, in light of *Williamson v. State,* 248 Ga. 47 (281 SE2d 512) (1981), we find the jury instruction to be an accurate and valid statement of the law. The trial court charged that if recently after the crime charged in the indictment had occurred the defendant was found in possession of property stolen as a result of such crime, or any part thereof, "that would be a circumstance along with all other evidence in the case from which the jury *may* infer guilt or innocence of the defendant of the charges made in Count One in this indictment should you see fit to do so, *unless,* of course, the defendant has made explanation of his possession, if any, consistent with his plea of innocence. This is a fact for you, the jury, to determine." (Emphasis supplied.)

"[T]he presumption in this case was permissive rather than mandatory. We think that a rational trier of fact would have understood that he had a choice in deciding whether to draw the inference and would not have interpreted the court's charge as 'an irrebuttable direction' to find that the [appellant] had committed the crime. [Cit.] Furthermore, the challenged language does not require the [appellant] to prove 'the contrary by some quantum of proof,'

[cit.], but, rather, indicates to the jury that if a satisfactory explanation of the [appellant's] possession *is* made, they are not permitted to draw the presumption." *Williamson v. State,* supra at 59-60. The language does not shift nor ease the state's burden of proof. Thus, there is no merit in this enumeration of error.

6. Appellant cites as error the trial court's failure to conduct a pre-sentence hearing. No objection was made at trial. However, in *Sprouse v. State,* 242 Ga. 831, 834 (252 SE2d 173) (1979), the Supreme Court held: "The trial court did not hold a pre-sentence hearing at which both sides are permitted to present evidence in aggravation, extenuation and mitigation as provided in [OCGA § 17-10-2 (Code Ann. § 27-2503)]. Neither the defense nor the prosecution waived these procedures. Failure to follow the mandate of [OCGA § 17-10-2 (Code Ann. § 27-2503)] is neither harmless nor waived by failure to object to procedure." Accord, *Howard v. State,* 161 Ga. App. 743 (6) (289 SE2d 815)(1982). Therefore, the judgment of conviction is affirmed; however, the judgment of sentence is reversed, and the case is remanded to the trial court for resentencing in accordance with OCGA § 17-10-2 (Code Ann. § 27-2503).

*Judgment affirmed in part; reversed in part and case remanded. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 20, 1983 —
REHEARING DENIED OCTOBER 4, 1983.

*Richard T. Taylor,* for appellant.
*Beverly B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.

