## 70077. MOORE v. THE STATE.
### (331 SE2d 115)

Pope, Judge.

David Lee Moore brings this appeal from his convictions of robbery and aggravated assault. *Held*:

1. Appellant first challenges the legality of his arrest without a warrant. The testimony of Atlanta Police Officer McDonald shows that while he was on foot patrol near the Greyhound Bus Depot in downtown Atlanta, he was approached by a Greyhound employee who told him that a man had been shot in the back parking lot of the bus depot. The shooting victim, Seydel, had observed a purse snatching from his car and, while still in his car, had pursued the thief to the bus depot. As Seydel exited the car in an attempt to apprehend the thief, the thief shot him in the leg and fled. Shortly after the officer arrived at the scene of the shooting, the purse snatching victim, Marr, and her companion, Haggins, also arrived. The thief was described to the officer as "a tall, black male, slim, no facial hair, not a whole lot of hair on the top of his head. . . ." This admittedly sketchy description was supplemented by a burgandy cap, which the thief had dropped during flight, handed to Officer McDonald by Haggins. The officer recognized the cap as belonging to appellant, because he had arrested appellant two or three times during the preceding year and had searched the cap on those occasions. The officer specifically recognized the "band around the inside of the hat, the white tag inside the hat that said medium, and the buckle in back of the hat." He had only seen one cap like it before, and appellant was wearing it.

Officer McDonald testified that his first priority upon arriving at the scene of the shooting was to tend to the victim rather than pursue the perpetrator, who had already fled the scene. After an ambulance had arrived for the victim, the officer immediately began trying to locate appellant. He put a "lookout" for appellant and began to check the area around the bus depot. The officer knew appellant to frequent this area and, in fact, had spoken with him there a few days earlier. At that time appellant had told the officer that he had purchased a bus ticket out of town and planned to leave the following week. Officer McDonald inquired of several habitués of the area in question as to whether they recognized the burgandy cap as appellant's and whether they had seen appellant in the vicinity that day. Several persons interviewed by the officer responded affirmatively to both inquiries. The officer noted that appellant's presence in the area during the morning hours of the day in question was unusual as he did not usually see appellant in the area until afternoon or evening. The subject crimes occurred shortly before noon. The location of appellant's residence was ascertained to be a hotel approximately one and one-half miles from the bus depot. Officer McDonald and three other officers

proceeded immediately to the hotel and arrested appellant without a warrant. The arrest occurred approximately two hours after Seydel had been shot.

"An officer has authority to arrest anyone of whom he has a reasonable suspicion that he has committed a felony, without waiting first to procure a warrant. What constitutes reasonable grounds of suspicion is generally to be determined under the facts of the individual case. It is well settled that an arrest may be made upon hearsay evidence; and indeed, the reasonable cause necessary to support an arrest cannot demand the same strictness of proof as the accused's guilt upon a trial, unless the powers of peace officers are to be so cut down that they cannot possibly perform their duties. It is the function of the court to determine if the facts upon which the officer acted would warrant a man of reasonable caution to believe that an offense had been committed. Moreover, the reasonable cause necessary to support an arrest does not demand the same strictness of proof as proof of guilt upon the trial. Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient in themselves to warrant a belief by a man of reasonable caution that a crime has been committed." (Citations and punctuation omitted.) *Chaney v. State*, 133 Ga. App. 913, 916 (213 SE2d 68) (1975). Applying these rules to the testimony set forth above, we find ample evidence of probable cause for appellant's arrest in this case. See, e.g., *Waller v. State*, 134 Ga. App. 886 (1) (216 SE2d 637) (1975). See also *Reese v. State*, 145 Ga. App. 453 (1) (243 SE2d 650) (1978). Moreover, we view the evidence of appellant's previously announced intention to leave town at an unspecified time during the week in which the subject crimes were perpetrated as authorizing appellant's warrantless arrest under the clause "likely to be failure of justice for want of a judicial officer to issue a warrant" of OCGA § 17-4-20. (a). See *Cornelius v. State*, 165 Ga. App. 794 (302 SE2d 710) (1983). In any event, since in this case the constitutional requirement of probable cause was met, the arrest was valid whether or not OCGA § 17-4-20 (a) was violated. *Quick v. State*, 166 Ga. App. 492 (2) (304 SE2d 916) (1983). Finally, because appellant has been indicted and convicted, an illegal arrest is not, in and of itself, a ground for reversal. *Anderson v. State*, 152 Ga. App. 268 (1) (262 SE2d 560) (1979). Appellant's first enumeration of error has no merit.

2. Appellant's second enumeration of error raises several arguments challenging the corporal and photographic identification procedures as tainted and impermissibly suggestive. We find none persuasive. Our review of the record discloses that the pre-indictment lineup in this case was neither unnecessarily suggestive nor conducive to irreparable mistaken identification. See *King v. State*, 168 Ga. App. 291 (1) (308 SE2d 612) (1983). See also *Jamison v. State*, 164 Ga.

App. 63 (3) (295 SE2d 203) (1982). The chance viewing of appellant in the company of several other prisoners by Marr, the victim of the purse snatching, at an arraignment hearing one week after appellant's arrest was not unduly suggestive. See *Brown v. State*, 171 Ga. App. 70 (3) (318 SE2d 498) (1984), and cits. Compare *Woody v. State*, 166 Ga. App. 666 (1) (305 SE2d 365) (1983). State's witness Swain's identification of appellant had an independent basis other than the single photograph shown to him by Officer McDonald and thus was reliable and admissible. See *Fowler v. State*, 246 Ga. 256 (5) (271 SE2d 168) (1980). We find no basis for reversal for any reason assigned.

3. We find that the trial court's refusal to give appellant's requests to charge on identification and on the credibility of witnesses was not error, because the substance of each request was fully and fairly included in the general charge. See *Irwin v. State*, 244 Ga. 850 (4) (262 SE2d 99) (1979); *Ramsey v. State*, 145 Ga. App. 60 (9) (243 SE2d 555), revd. on other grounds, 241 Ga. 426 (246 SE2d 190) (1978). It is no longer necessary to give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the trial court. *Shirley v. State*, 245 Ga. 616 (3) (266 SE2d 218), cert. den., *Shirley v. Georgia*, 449 U. S. 879 (1980).

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the judgment only, because with respect to Division 1, I am puzzled by the conclusion that "the *constitutional* requirement of probable cause was met." Defendant did not properly raise a constitutional challenge on appeal, but *only* expressly invoked the Georgia statute (currently OCGA § 17-4-20). Although near the end of his argument he uses the "probable cause" language and a partially-federal, partially-state articulated test found in the state case of *Harris v. State*, 128 Ga. App. 22 (195 SE2d 262) (1973), that case also for an unclear reason discusses "probable cause" when the claim is based on an alleged violation of the statute. It appears to engraft probable cause into an analysis of whether a crime is committed "within the immediate knowledge" category of statutorily-allowed warrantless arrests. That is, it must be "probable cause" knowledge, not absolute or certain knowledge.

If defendant is raising in this court a constitutional as well as a statutory basis for enumerating as error the denial of the motion to suppress, then which constitution and what provision? Merely asserting in the enumeration that the arrest was "unconstitutional," and arguing that a test which used constitutional law language to construe a statute whose violation was claimed in the case in which it was stated, should not be regarded as sufficient to raise a constitutional

challenge.

Even if the issue is regarded as properly raised, and we decide that "the constitutional requirement of probable cause was met," I do not see how *that* makes the arrest valid "whether or not OCGA § 17-4-20 (a) was violated." If the statute was violated, the arrest was unlawful according to state law, without ever reaching the question of constitutionality, be it state constitution or federal constitution. That is, just because an act does not offend the constitution does not ipso facto render it legal despite its noncompliance with a statute. As is often the case, the statute may require more or something different than does the constitution, or even less.

Citing *Quick v. State*, 166 Ga. App. 492 (2) (304 SE2d 916) (1983), only exacerbates the problem. I grant that it says what the majority opinion in this present case cites it for. But it makes the statute absolutely meaningless when we say that it does not matter if it was violated, and what is worse, we completely abdicate our responsibility to apply state law and the state constitution independently, and to construe them independently, when we say as said in *Quick v. State*, "[a]n arrest and search, legal under federal law, are legal under state law." Id. at 494.

I do not believe we should promote this departure from federalism.

DECIDED MAY 22, 1985.

*Tony L. Axam*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Robert A. Weathers, Richard E. Hicks, Assistant District Attorneys*, for appellee.