64074. HAYES et al. v. THE STATE.

SHULMAN, Presiding Judge.

Appellants Hayes and Williams were tried for and convicted of motor vehicle theft. The trial court overruled their motion for new trial. On appeal, they challenge the sufficiency of the evidence and seek a new trial based on newly discovered evidence.

The facts relevant to the issues on appeal are as follows. Appellants were arrested in Albany, Georgia, in a vehicle that had been reported stolen in Arlington, Georgia, less than an hour before the arrest. The arresting officer and an additional officer who arrived on the scene shortly thereafter both testified that the two defendants were the only people in the car and the only two to exit the car at the

time of the arrest. Appellant Hayes, who was driving the vehicle at the time of the arrest, testified that a third individual, whom they allegedly had hired to transport them from Arlington to Albany, exited the vehicle at the time of the arrest. The testimony of other witnesses placed the defendants in the vicinity of the stolen vehicle approximately 15 minutes prior to the discovery of the theft.

1. The record contains sufficient evidence from which any rational trier of fact could have found both appellants guilty beyond a reasonable doubt of the offenses charged. Therefore, appellants' enumeration of error challenging the sufficiency of the evidence is without merit. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In appellants' only other enumeration of error, they contend that their motion for new trial should have been granted on the basis of newly discovered evidence. The record contains an affidavit signed by Jimmy Thurman, a policeman for the City of Leary, Georgia, stating that he observed a vehicle, which matched the description of the stolen vehicle in this case, traveling from Arlington on the night of the occurrence giving rise to these convictions. The affiant stated that he noticed "three black males in the car" and that he later saw "two black men in jail at Morgan and can say that the person driving the car at the time I saw it was [appellant] Hayes" and that "the person sitting in the right rear seat of the car was [appellant] Williams." Appellant Hayes testified that he drove the stolen vehicle through Leary while traveling from Arlington to Albany. Appellants argue that the newly discovered evidence represented by the potential testimony of Mr. Thurman entitles them to a new trial.

" 'It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.' [Cit.]" *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357). "Motions for a new trial on the ground of newly discovered evidence are not favored. All applications for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and unless it affirmatively appears that he has abused his discretion in overruling the same, his discretion will not be controlled. [Cits.] It must appear that the evidence itself is newly discovered and not merely that certain named witnesses by whom the facts can be proved were unknown until after

the trial. [Cits.]" *Kitchens v. State,* 228 Ga. 624, 626 (187 SE2d 268).

The record on appeal contains absolutely no showing of due diligence on the part of appellants in their failure to discover Mr. Thurman's potential testimony prior to trial. Further, the potential testimony is not so material, when viewed in light of the entire record of the trial, that it would likely produce different verdicts. We find no abuse of the trial court's discretion in denying appellants' motion for a new trial.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 13, 1982.

*Willis A. Duvall,* for appellants.

*Gilbert J. Murrah, District Attorney, Edward C. Parker, Assistant District Attorney,* for appellee.