67861. BROWN v. THE STATE.

Quillian, Presiding Judge.

Defendant appeals his conviction for armed robbery. *Held*:

1. When charging on circumstantial evidence the trial court initially apparently inadvertently stated that "the proved facts must not only be consistent with the hypothesis of guilt but must include (instead of exclude) every other reasonable hypothesis save that of the

guilt of the accused," which misstatement is asserted as error.

When exceptions were solicited by the court at the end of the charge, no objection was made to the erroneous statement nor was any reservation of objections made. Under these circumstances the right to raise this issue on appeal was waived. *Ferguson v. State*, 165 Ga. App. 283 (299 SE2d 761).

Moreover, as the challenged statement was correctly stated later in the same charge and other explanations given concerning the State's burden to exclude every other reasonable hypothesis save guilt, we find it unlikely that the instruction as a whole misled the jury to defendant's prejudice. *Flannigan v. State*, 139 Ga. App. 590 (1) (229 SE2d 98).

2. The court made a requested in camera inspection of the police file in the case in response to defendant's motion for discovery. Defendant claims error because the court did not also inspect an alleged prosecution file. There is nothing in the record to show that there was any other file and defendant made no objection, motion or any other comment concerning the alleged failure to examine a prosecution file. "We hold that appellant's failure to assert this issue for consideration in the trial court forecloses review of the issue on appeal. [Cits.]" *Wisdom v. State*, 234 Ga. 650, 652 (217 SE2d 244).

3. Error is enumerated on the ground that the in-court identification of defendant by the victim was tainted by his identification at a pretrial one-on-one confrontation with the victim at the preliminary hearing.

Defendant filed a motion to suppress both a photographic identification and the identification at the preliminary hearing. When the suppression hearing was held just prior to the victim's testimony, the entire proceeding concerned only the propriety of the photographic identification. Nothing was produced or said about the identification at the preliminary hearing. However, pretermitting whether this issue was properly raised in the trial court, we will address it.

The victim had been shown an eight-person photographic display which included defendant shortly after the robbery. She was only able to state that the photo of defendant looked like the person who had robbed her. Subsequently, while the victim was sitting in the courtroom awaiting the preliminary hearing, defendant, unescorted, walked into the courtroom and the victim recognized him as the perpetrator. At trial, the victim testified that defendant came into the convenience store where she was working alone, bought and paid for a canned drink and some donuts and left. Defendant then came right back in and asked for a pack of cigarettes. When the victim turned back toward defendant after getting the cigarettes, he had a knife in his hand and hollered for her to get back several times. She did and he reached across the counter and took money from the register. Defendant

dropped a five dollar bill behind the counter and ordered the victim to pick it up, which she did. He told her to get down on the floor and left. She next saw defendant at the preliminary hearing and identified him by his appearance, having observed him for several minutes in his two appearances at the robbery.

"The threshold inquiry is whether the identification procedure was impermissibly suggestive. Only if it was, need the court consider the second question: whether there was a substantial likelihood of irreparable misidentification. [Cits.]

"The chance viewing of the appellant prior to trial as he sat with others was no more suggestive than seeing him in the hall as he and other defendants are being brought in for trial, or seeing him seated at the defense table as each witness comes in to testify. We conclude that the chance viewing of the appellant immediately prior to trial by . . . state's witnesses was not impermissibly suggestive. Also, we find the identifications were not tainted by police identification procedures. Nevertheless, we have inquired into and find the identifications reliable.

"Here the victim based her in-court identification testimony upon her observation of the appellant for some five to ten minutes during the robbery. Her identification of the appellant had an independent basis other than the viewing of a newspaper photograph that only looked familiar to her. [Cit.] In our opinion, her identification testimony was reliable and admissible." *McClesky v. State*, 245 Ga. 108 (2), 110-11 (263 SE2d 146).

"Appellant argues that the witness' viewing him in the jury box as he awaited trial impermissibly tainted the witness' in-court identification of the appellant. We disagree. There is no evidence that the police or prosecutor conducted an identification procedure by placing the defendant and others in the jury box. The chance viewing of a defendant in the company of several other prisoners by a witness immediately prior to trial is not unduly suggestive. *McClesky v. State*, 245 Ga. 108 (2) [, supra]; *Robinson v. State*, 164 Ga. App. 379 (3) (296 SE2d 225)." *Daniels v. State*, 252 Ga. 30 (1), 31 (310 SE2d 904). Compare, *Duck v. State*, 250 Ga. 592 (3) (300 SE2d 121).

From the foregoing authorities we conclude that the chance viewing of defendant by the victim at the preliminary hearing, which had no prosecutorial or police involvement, was not impermissibly suggestive, and that her identification of him then and at trial was reliable based upon her observation of defendant for several minutes during and preceding the commission of the robbery.

Accordingly, there is no merit in this enumeration.

4. The general grounds are asserted.

The State's evidence showed that a convenience store clerk was robbed of the store's money by a man armed with a knife and that

the robber left in a pickup truck identified as belonging to defendant. The victim identified defendant as the robber. Defendant presented evidence of alibi and stated that his pickup had been taken by someone without his knowledge prior to the robbery.

This evidence presented a credibility of witnesses issue which was resolved adversely to defendant by the jury. "It is the function of the jury, not the appellate court, to determine the credibility of witnesses and weigh any conflicts in the evidence. The appellate court views the evidence in a light most favorable to the jury's verdict after it has been rendered. [Cits.]" *Laws v. State*, 153 Ga. App. 166 (1) (264 SE2d 700).

The evidence was sufficient to authorize any rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

5. The fourth enumeration has no merit as the defendant did not request a charge on robbery by intimidation, object to its omission, or reserve the right to object later. *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855).

6. Defendant claims newly discovered evidence entitles him to a new trial. It consists of the affidavit of his father that when he examined defendant's pickup after it was returned by the police, he found it difficult to insert the key in the ignition and that there were scratch marks around the driver's door keyhole as if someone had attempted to break into the vehicle. It is argued that this evidence supports defendant's testimony that someone else drove his pickup during the robbery.

Not only does this evidence conflict somewhat with defendant's own trial testimony that he drove the pickup after the robbery, before he was arrested and the vehicle was impounded, in which he made no mention of the things found by his father; but the evidence also does not meet in several respects the test set forth in *Hayes v. State*, 163 Ga. App. 465 (2) (295 SE2d 159). Also, in view of the evidence adduced at trial, it is not likely that the claimed new evidence would result in a different verdict. Therefore, the trial court did not abuse its discretion in denying a motion for new trial on this ground.

7. The sixth enumeration has no merit.

8. In addition to the enumerations of error resolved above, filed by appellate defense counsel, defendant filed five enumerations pro se, several of which duplicate those of his counsel. The remaining enumerations are nonmeritorious.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED APRIL 5, 1984 —
REHEARINGS DENIED MAY 23, 1984.

*James M. Skipper, Jr.*, for appellant.
*John R. Parks, District Attorney*, for appellee.