## 71720. BROWN v. BOWDEN.
### (347 SE2d 356)

BEASLEY, Judge.

Plaintiff Brown appeals from the grant of summary judgment to defendant court reporter Bowden in a civil rights action (42 USC § 1983) which includes a tort count of fraud under state law.

Brown was convicted of armed robbery in March 1980. He moved for a new trial asserting error in the trial court's charge to the jury on circumstantial evidence, that the facts must not only be consistent with the hypothesis of guilt, but must "include" every reasonable hypothesis save the guilt of the accused, rather than to "exclude" such a hypothesis. At a hearing on the motion, the court instructed the court reporter to check to see if the alleged error was simply an error in transcription or if it was actually a misstatement by the court. The court reporter subsequently advised the court that the error resulted from a transcribing error and an addendum to the transcript was added to so reflect. The court thereafter denied Brown's motion for new trial.

Brown subsequently moved for reconsideration of this denial and to open the record on his motion for new trial. The court ordered the addendum withdrawn, finding that the court reporter had actually been unable to listen to the tape of the jury instruction portion of the trial because it had been previously erased. It also ordered the motion for new trial amended to remove all references to the addendum appearing in the order denying Brown's motion for new trial, and that the case be transferred to this court, pursuant to his notice of appeal, as originally certified "without the addendum . . . being of any force and effect." Thus the trial court did not change its opinion that a new trial was not warranted even though the word "include" instead of "exclude" had been used.

Brown's conviction was affirmed on appeal. *Brown v. State*, 171 Ga. App. 70, 71 (1) (318 SE2d 498) (1984). On the issue of the "include" jury instruction, this court held that Brown waived his right to challenge the jury charge since "[w]hen exceptions were solicited by the court at the end of the charge, no objection was made to the erroneous statement nor was any reservation of objections made." It added: "Moreover, as the challenged statement was correctly stated

later in the same charge and other explanations given concerning the State's burden to exclude every other reasonable hypothesis save guilt, we find it unlikely that the instruction as a whole misled the jury to defendant's prejudice." *Brown*, supra at 71.

A federal habeas petition proved unsuccessful, and Brown filed the present action against the court reporter, alleging that the erroneous addendum deprived him of the opportunity for a new trial and also that the court reporter defrauded him, all resulting in damages to him. Upon a consideration of the facts which are undisputed, the trial court granted summary judgment to the court reporter.

1. Section 1983 claim. Brown alleges that due to the court reporter's misconduct he was deprived of his liberty without due process of law, in violation of his Fourteenth Amendment rights, because the misrepresentation "resulted in the production of a document which denied [him] the possibility of a new trial and . . . induced action on the part of [the trial judge] against [him] causing unjustifiable harm."

Even assuming that the court reporter misrepresented that he listened to the transcript tape, when in fact it had earlier been destroyed, that he was acting under color of state law, and that such misconduct may be remedied through a § 1983 claim, Brown's action fails. There is no issue of fact as to injury, that is, whether the misrepresentation resulted in the denial of his liberty without due process of law. Brown's assertion of a right to new trial based on the improper charge was dealt with in the trial court's reconsideration of the motion for new trial and by this court on the direct appeal; it has been rejected. We have already held that he waived his right to complain about the jury instruction and also that the error was harmless nonetheless. *Brown*, supra. Thus, he has had full opportunity to seek a new trial based on the court's use of the word "include," and he has suffered no harm and incurred no injury from the court reporter's factually erroneous statement that the word used was "exclude." As Brown has suffered no injury, he is, at least for this reason, not entitled to recover on his § 1983 claim. 42 USC § 1983 provides for liability only "to the party injured . . ." See *Gardner v. Luckey*, 500 F2d 712, 714 [1, 2] (5th Cir. 1974), cert. denied 423 U. S. 841 (96 SC 73, 46 LE2d 61) (1975); *Martinez v. Winner*, 548 FSupp. 278, 307 (18) (D. Colo. 1982). See also *Warth v. Seldin*, 422 U. S. 490, 511-516 (5) (95 SC 2197, 45 LE2d 343) (1975), where in discussing standing to bring a federal civil rights action, the U. S. Supreme Court emphasized that a plaintiff must show he has incurred harm or injury to justify any relief.

2. Fraud. Brown's second count is apparently a claim for fraud under state law.

Even assuming that the court reporter knowingly misrepresented

a material fact with intent to deceive and that it was justifiably relied upon, Brown cannot show damages, as Division 1 of this opinion discusses. Damages is an element of fraud. *Butler v. Terminix Intl.*, 175 Ga. App. 816, 817 (2) (334 SE2d 865) (1985). " 'So long as "one essential element under any theory of recovery is lacking . . . the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements." [Cit.]' [Cit.]" *Butler*, supra at 818.

3. Brown's enumeration regarding the "form" of the summary judgment order is deemed abandoned as it was not supported in the brief by citation of authority or argument. Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 3, 1986.

Walter Lee Brown, *pro se.*
George M. Peagler, Jr., for appellee.