S92A0579. LEWIS v. THE STATE.
(417 SE2d 154)

WELTNER, Presiding Justice.

David Lee Lewis shot and killed Bobbie R. Claxton with a handgun. He was convicted of malice murder, armed robbery, and possession of a firearm by a convicted felon and was sentenced to life imprisonment and a term of years.[1]

---

[1] The crimes were committed on October 14, 1989. Lewis was indicted September 17, 1990 and tried on June 24, 1991 and convicted and sentenced on June 27, 1991 and July 9, 1991. He filed a motion for new trial on July 10, 1991, which was denied on November 11, 1991. His notice of appeal was filed on December 6, 1991. The appeal was docketed in the

We have reviewed Lewis' claims of error. We hold that the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); and there was no error in the trial of the case that warrants a new trial, or other substantial relief.[2]

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 1992.

*Tyson Blue*, for appellant.

*Ralph M. Walke, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Staff Attorney*, for appellee.

---

Court of Appeals on January 7, 1992 and transferred to this court on February 12, 1992. The appeal was submitted on March 27, 1992.

[2] The indictment included three counts of felony murder, with different underlying felonies: while in the commission of an armed robbery, while in the commission of an aggravated assault, and possession of a firearm by a convicted felon. While the trial court did not err in not dismissing counts and quashing the indictment, note the following language in *State v. McBride*, 261 Ga. 60 (401 SE2d 484) (1991):

> Where there is evidence that multiple crimes have been committed, it does not diminish the presumption of innocence to allege each of them in the indictment. The appropriate manner for charging felony murder in instances where more than one underlying felony is alleged is to indict for one count of felony murder, and enumerate the multiple underlying felonies. [Id. at 65.]