A92A0853. ANDERSON v. THE STATE.

(426 SE2d 6)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of robbery. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict and his enumerations of error relate only to the issue of the effectiveness of his trial counsel.

1. The victim's daughter, who was an eyewitness to the crime, testified to the following: As she sat in the courtroom before the preliminary hearing, she had observed appellant who, at the time, had "more men with him." She recognized appellant as the robber. Thereafter, an officer asked her if appellant was the robber and she confirmed that he was.

Appellant urges that his trial counsel was ineffective in failing to object to the introduction of this "impermissibly suggestive" identification testimony. However, the failure to object was not an instance of ineffective representation, since the testimony "was clearly not the product of any impermissibly suggestive procedure. [Cits.]" *Wilson v. State*, 181 Ga. App. 435 (1) (352 SE2d 618) (1987). See also *Jones v. State*, 171 Ga. App. 184 (1) (319 SE2d 18) (1984); *Brown v. State*, 171 Ga. App. 70, 71 (3) (318 SE2d 498) (1984); *Prater v. State*, 148 Ga. App. 831, 841 (7) (253 SE2d 223) (1979). Compare *Bradley v. State*, 148 Ga. App. 722, 723 (2) (252 SE2d 648) (1979). "The chance viewing of the appellant prior to trial as he sat with others was no more suggestive than seeing him in the hall as he and other defendants are being brought in for trial, or seeing him seated at the defense table as each witness comes in to testify." *McClesky v. State*, 245 Ga. 108, 110 (2) (263 SE2d 146) (1980).

The officer did not direct the attention of the victim's daughter from the other men to appellant. She had *already* identified appellant before the officer questioned her. In her response to the officer, she merely acknowledged her *prior* identification of appellant. If she had taken the initiative and *informed* the officer of her identification of appellant, there certainly would be no reason for exclusion of her testimony. *Daniels v. State*, 252 Ga. 30 (1) (310 SE2d 904) (1984); *Prater v. State*, supra. Likewise, there is no reason why her testimony should be excluded merely because the officer elicited an affirmation of her prior identification of appellant.

Moreover, even if the identification testimony of the victim's daughter had been inadmissible, the failure of appellant's trial counsel to have secured its exclusion would not warrant a reversal of his conviction. The victim *herself* testified and identified appellant as the robber. "With this evidence, we cannot conclude that there was any reasonable probability that the result in [appellant's] trial would have been any different if the [identification testimony of the victim's daughter] had been excluded." *Whitner v. State*, 202 Ga. App. 608, 609 (415 SE2d 52) (1992).

2. In several instances, trial counsel failed to object to hearsay. In no instance, however, was the hearsay prejudicial and it was shown that trial counsel had intentionally waived objection in order not "to interrupt the flow [of the trial] so the jury thinks that you are trying to hide something."

Whether it may be more prejudicial to object than to allow the introduction of evidence which goes merely to irrelevant issues is certainly a tactical and strategic decision. Appellant's trial counsel made that decision and, that she did so, affords him no ground for a new trial. "If we continue to second guess trial counsel on strategy and tactics when counsel have faithfully and diligently performed their

function, we would have a proliferation of appeals on the flimsiest of grounds. 'It is important for appellate judges to remember that "[a] defendant is entitled to a fair trial but not a perfect one, for there are no perfect trials." (Cits.)' [Cit.]" *Stripling v. State*, 155 Ga. App. 636, 637 (2) (271 SE2d 888) (1980). In a "perfect" trial, trial counsel would object even to non-prejudicial, irrelevant evidence. However, the failure of trial counsel to object to such evidence in the instant case did not deprive appellant of a "fair" trial.

3. Without objection, the victim testified to certain post-robbery events, including her receipt of "hang-up" telephone calls which she had tried to have traced and her initiation of a police investigation into a possible break-in of her residence wherein nothing had been found to be missing. Appellant urges that the inference of this testimony was to the effect that he was responsible for the telephone calls and the possible break-in and that his trial counsel was ineffective for failing to object. According to appellant's trial counsel, however, she had not objected in order to urge that this testimony reflected that the victim was in a highly emotional state after the robbery and that this highly emotional state contributed to the victim's misidentification of appellant as the perpetrator of the robbery. Thus, trial counsel did not consider the testimony to be prejudicial to appellant, but beneficial to appellant's misidentification defense. According to trial counsel, the victim was so emotional that she was prepared to identify any suspect, even the innocent appellant, as the robber. This was, of course, a legitimate trial tactic and strategy and affords no basis for the reversal of appellant's conviction. See generally *Cribbs v. State*, 204 Ga. App. 109 (1) (418 SE2d 405) (1992).

4. Appellant had no right to have voir dire and closing arguments fully recorded. *Roper v. State*, 251 Ga. 95, 98 (5) (303 SE2d 103) (1983); *Aiken v. State*, 226 Ga. 840, 841 (1) (178 SE2d 202) (1970). Accordingly, the fact that trial counsel did not request that voir dire and arguments be fully recorded did not deprive appellant of any right and would not serve to demonstrate that she was ineffective.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED NOVEMBER 3, 1992 —
RECONSIDERATION DENIED NOVEMBER 19, 1992.

*Zion, Tarleton & Siskin, Jonathan J. Wade*, for appellant.
*Robert E. Wilson, District Attorney, Gregory A. Adams, J. George Guise, Assistant District Attorneys*, for appellee.