S94A0609. LUMPKINS v. THE STATE.
(443 SE2d 619)

CARLEY, Justice.

Based upon appellant's alleged commission of a single homicide, an indictment was returned which charged him with one count of malice murder, one count of felony murder while in the commission of an aggravated assault and one count of felony murder while in the commission of an armed robbery. Accordingly, the indictment took the form of three *alternative* counts of "murder," each of which alleged that appellant had committed the *same* homicide in one of three *separate* ways. See generally *Hogan v. State,* 178 Ga. App. 534 (343 SE2d 770) (1986) (alternative counts stating the various ways in which the single act of driving under the influence was alleged to have been committed).

Appellant moved to dismiss the indictment, on the ground that the State was compelled to try him for the homicide on an indictment containing only two, rather than three, separate counts: One count of "malice murder" and one additional count of "felony murder" which alternatively alleged "aggravated assault" and "armed robbery" as the underlying felonies. In support of his motion to dismiss the indictment, appellant relied upon *State v. McBride,* 261 Ga. 60, 65 (3) (a) (401 SE2d 484) (1991):

> The appropriate manner for charging felony murder in instances where more than one underlying felony is alleged is to indict for one count of felony murder, and enumerate the multiple underlying felonies.

The trial court denied appellant's motion to dismiss, but certified its order for immediate review. Appellant's application for an interlocutory appeal to this court was granted.

1. "This court has long held that where one offense could be committed in several ways, it is permissible to incorporate the different ways in one count. [Cits.]" *Leutner v. State,* 235 Ga. 77, 79 (2) (218 SE2d 820) (1975). The offense of "murder" can be committed *either* "with malice aforethought" *or* while "in the commission of a felony." OCGA § 16-5-1 (a, c). Any number of dangerous felonies likewise can constitute the predicate offense for a "felony murder" conviction. *Ford v. State,* 262 Ga. 602 (1) (423 SE2d 255) (1992). Thus, for the single homicide, the State *could* have indicted appellant for one count

of "malice murder" and only one additional count of "felony murder" which alternatively alleged the underlying felonies. Indeed, the State could have indicted appellant for only *one* count of "murder" which alternatively alleged malice and the underlying felonies. *Leutner v. State*, supra at 79 (2).

However, the issue for resolution is *not* whether the State could have indicted appellant for one count of "malice murder" and only one additional count of "felony murder" which alternatively alleged the underlying felonies. The issue for resolution is whether the State was *required* to indict appellant in that manner.

2. It has long been recognized that "the *same offense*, that is the same species of offense, may be charged in different ways in *several counts* to meet the evidence. [Cits.]" (Emphasis supplied.) *Gilbert v. State*, 65 Ga. 449, 450 (1) (1880). Accordingly, it likewise has long been recognized that an indictment which contains such alternative counts is *not* subject to a motion to dismiss.

> It would be of little avail to draw an indictment with different counts, so as to be adjusted to the evidence . . ., if the defendant could immediately quash it or require an election.

*Sutton v. State*, 124 Ga. 815, 819 (53 SE 381) (1906).

3. Thus, it is clear that, in this state, an indictment for a single crime which may have been committed in more than one way can take one of two recognized forms. One such form is indictment by means of a *single count* which contains alternative allegations as to the various ways in which the crime may have been committed. *Leutner v. State*, supra. In addition to this single count form of indictment, there is the *alternative counts* form which the State chose to employ in the instant case.

> "It is a familiar rule of pleading that when the plaintiff has two or more distinct reasons for obtaining the relief sought, or when there is more or less uncertainty as to the grounds of recovery or as to the exigencies of proof, the petition may set forth a single claim in more than one count. The pleader may state his case in as many ways as he sees fit in separate counts, and he will not be required to elect on which count he will proceed." [Cit.] This statement accords with the practice in this [s]tate both in civil and criminal cases.

*Saliba v. Saliba*, 202 Ga. 791, 807 (6) (44 SE2d 744) (1947).

> There was but one felony charged in the [instant] indictment, to-wit: the unlawful killing of [the victim]; but the commission of that felony was charged in different ways in

the several counts, in order to meet the facts of the case as might be shown by the evidence — [cit.]. If the evidence at the trial should not show that the defendant was guilty under either count in the indictment, then he could not be hurt; but if the evidence at the trial showed that he was guilty, as charged in any one of the counts in the indictment, then he might be lawfully found guilty, because the [S]tate had given him notice of all the grounds upon which it is proposed to introduce evidence to establish his guilt.

*Stewart v. State*, 58 Ga. 577, 580-581 (1877). See also *Black v. State*, 34 Ga. App. 449, 451 (1) (130 SE 591) (1925).

4. Although the State has the option to employ *either* form of indictment, it nevertheless has been recognized that the State has a justifiable reason for electing to employ the *alternative counts* form. Employment of that form of indictment avoids the potential return of an uncertain verdict which is an inherent "hazard" of employment of the *single count* form. *Zant v. Stephens*, 250 Ga. 97, 98 (1) (297 SE2d 1) (1982). This "hazard" of the potential return of an uncertain verdict would certainly exist in the instant case were appellant to be tried on an indictment framed as he proposes. If a verdict of "not guilty" were returned on a "malice murder" count and a general verdict of "guilty" were returned on a single "felony murder" count which alternatively alleged the underlying felonies, it would not be possible to determine whether the jury had found appellant guilty of "felony murder" while in the commission of an "aggravated assault" *or* while in the commission of an "armed robbery" *or* while in the commission of both an "aggravated assault" and an "armed robbery."

"There is no comparable hazard when the indictment or information is in several counts and the conviction is explicitly declared to rest on findings of guilt on certain of those counts, for in such instances there is positive evidence that the trier of fact considered each count on its own merits and separately from the others. [Cit.]"

*Zant v. Stephens*, supra at 98 (1). See also *Lindsey v. State*, 262 Ga. 665 (1), fn. 3 (424 SE2d 616) (1993), holding that

[t]he *dilemma* presented by this case could also have been *avoided* had appellant been indicted for *multiple felony murder counts*, with each count *specifying one of several possible underlying felonies*. [Cit.]

(Emphasis supplied.)

Even though the alternative counts form avoids the recognized

"hazard" which is otherwise inherent in the single count form, appellant nevertheless urges that the State's employment of the former form should be disapproved on the ground that it is prejudicial to defendants. Appellant's contention is that, when the State employs the alternative counts, rather than the single count form, the jury might infer that the defendant has committed more than one crime. However, a simple reading of the indictment in this case shows that the *same* date and victim are named in each of the three separate counts. It is thus clear that appellant is being charged with only *one* homicide. Likewise, the evidence to be adduced at trial will demonstrate that there is only *one* homicide. It will thus become clear that each of the three separate counts in the instant indictment refers to the *same* crime. On numerous occasions, this court has held that an indictment on alternative counts does not constitute an inherently prejudicial form of pleading and that the trial court's appropriate response to the State's election to employ that form of pleading is limited merely to charging the jury on the necessary consequences of that election. *Mainor v. State*, 259 Ga. 803, 805 (4) (387 SE2d 882) (1990); *Roberts v. State*, 259 Ga. 620, 621 (2) (385 SE2d 668) (1989); *Baty v. State*, 257 Ga. 371, 374 (5) (359 SE2d 655) (1987).

5. In *McBride*, supra, no issue was raised as to the viability of the alternative counts form of indictment. The only issue was whether the State, having chosen to employ that form, could then be required to make an election as to which of the alternative counts would be submitted to the jury. Accordingly, the statement in *McBride*, supra at 65 (3) (a), as to "[t]he appropriate manner" for framing an indictment for a crime which may have been committed in more than one way was merely dicta.

Moreover, *McBride* cited no authority for the proposition that the single count form is "[t]he appropriate manner" of indictment for such a crime. Likewise, *McBride* neither overruled that long line of cases which *authorizes* employment of the alternative counts form nor did it purport to hold that the single count form is the *only* "appropriate manner" for framing an indictment for a crime which may have been committed in more than one way.

Accordingly, *McBride* is *not* controlling authority which mandates the grant of appellant's motion to dismiss the instant indictment. Indeed, it has previously been recognized that *McBride* does not stand for the proposition that the use of the alternative counts, rather than the single count, form is a quashable defect in an indictment. *Lewis v. State*, 262 Ga. 251, 252, fn. 2 (417 SE2d 154) (1992).

The single count form is certainly *an* "appropriate manner" of indictment for a crime which may have been committed in more than one way. However, the alternative count form is *also* an "appropriate manner" of indictment for such a crime. It follows that the trial court

correctly denied appellant's motion to dismiss the indictment in this case.

*Judgment affirmed. All the Justices concur.*

HUNT, Chief Justice, concurring.

Sending the indictment out to the jury is certainly a practice of long standing, but no rule or statute requires it. In fact, at trial the indictment serves no greater purpose than pleadings in civil cases which, in today's practice, rarely ever go to a jury. It is certainly well within the trial court's discretion, on motion by the defendant, to exclude the indictment and the plea of not guilty thereto, and to send to the jury a verdict form which presents the issues as they exist at the close of the evidence.[1] This would be particularly helpful in identifying which of several possible felonies forms the basis for a felony murder conviction.

Concerning the exclusion of the indictment, see ABA Standards, Trial by Jury, Vol. III, Standard 15-4.1 (Materials to Jury Room); Daniel, Georgia Criminal Trial Practice (1993 ed.), § 24-15.

DECIDED JUNE 6, 1994.

*Anna Blitz,* for appellant.
*Lewis R. Slaton, District Attorney, Vivian D. Hoard, Sam Lengen, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.

---

[1] See ABA Standards, Trial by Jury, Vol. III, Standard 15-4.1 (Materials to Jury Room), suggesting that the trial court, at the defendant's request, should consider:

(1) whether the indictment will aid the jury in proper consideration of the case;

(2) whether any party will be unduly prejudiced by submission of the material; and

(3) whether the material may be subjected to improper use by the jury.

See also Daniel, Georgia Criminal Trial Practice (1993 ed.), § 24-15.