A96A0421. THE STATE v. CORBITT.

(471 SE2d 261)

BIRDSONG, Presiding Judge.

Based upon a motorcycle accident that resulted in the death of Maurice Odom, Jr., Randall L. Corbitt, Jr. was indicted for several offenses arising from his operation of the motorcycle and three counts of homicide by vehicle in the first degree: Count 1 alleging he caused Odom's death by violating OCGA § 40-6-391 (driving under the influence of alcohol); Count 2 alleging he caused the death by violating OCGA § 40-6-270 (leaving the scene of the accident); and Count 3 alleging that he caused the death by violating OCGA § 40-6-390 (reckless driving). Thereafter, the trial court granted Corbitt's special demurrer to Counts 2 and 3 contending that by placing Corbitt on trial for three counts that all alleged homicide by vehicle in the first degree, the indictment would confuse the jury and would deprive him of his right to trial by an impartial jury. The State appeals from the grant of the special demurrer. *Held*:

"It has long been recognized that the *same offense*, that is the same species of offense, may be charged in different ways in *several counts* to meet the evidence. Accordingly, it likewise has long been recognized that an indictment which contains such alternative counts is *not* subject to a motion to dismiss. It would be of little avail to draw an indictment with different counts, so as to be adjusted to the evidence, if the defendant could immediately quash it or require an election." (Citation and punctuation omitted.) *Lumpkins v. State*, 264 Ga. 255, 256 (443 SE2d 619). "Where one crime is set out in various ways in the different counts to meet diversities in the proofs, no election of counts will ordinarily be required, but all will be left open for the jury to pass upon in their verdict." (Citation and punctuation omitted.) *Conyers v. State*, 260 Ga. 506, 507 (397 SE2d 423). Therefore, the trial court erred by granting the special demurrer.

*Judgment reversed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED MAY 6, 1996.

*Robert B. Ellis, District Attorney, Ellen S. Golden, Assistant District Attorney*, for appellant.
*Edwards & Edwards, H. B. Edwards III*, for appellee.