## A99A1661. MURRY v. THE STATE.
### (522 SE2d 269)

McMurray, Presiding Judge.

This appeal followed defendant's conviction for possession of less than an ounce of marijuana.

On September 25, 1998, Lieutenant K. T. Smith of the Clayton County Sheriff's Department, just after initiating a routine traffic stop, observed "an object [go] outside the [suspect car's] passenger side window." After the car stopped, Lieutenant Smith investigated the area where the object was ejected and discovered "a clear plastic baggie with a green leafy substance in it, suspected marijuana." The car's driver, Tommy Douglas, denied owning the suspected marijuana, but defendant Murry, the car's front seat passenger, accused Douglas of possessing the suspected marijuana and tossing it out the passenger window before yielding to Lieutenant Smith's stop signal. *Held*:

1. Since defendant stipulated at trial to the admission into evidence of his two prior convictions for possession of less than an ounce of marijuana, he cannot complain that the trial court erred in admitting these prior convictions into evidence as similar transaction evidence. A criminal defendant cannot complain of an error or ruling which his own conduct procured or aided in causing. See *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251).

2. The trial court overruled defense counsel's relevancy objections at trial after the State's attorney directed defendant to hold and smell the crime scene contraband (which Lieutenant Smith had already identified as marijuana) and confirm that the substance was marijuana. The trial court also overruled defense counsel's relevancy objections after the State's attorney handed defendant a five-year-old photograph which depicts defendant posing while holding a cigar-like object near his mouth (which the State's attorney characterized as a marijuana laden cigar) and asked defendant — "Does this fairly and accurately depict you smoking marijuana?" These objections are the only basis for defendant's second enumeration of error, which contends that "[t]he trial court abused its discretion by allowing the State to cross-examine [him] with impermissible questions that induced [defendant] to place his character in issue."

Because defendant did not complain at trial that the State's attorney's questioning impermissibly placed his character in issue, the error assigned in defendant's second enumeration is not preserved for review. *Waldrip v. State*, 267 Ga. at 748 (12) (482 SE2d 299).

3. Defendant's third and fourth enumerations of error challenge the admission into evidence of the photograph depicting him with the cigar-like object which the State characterized as marijuana. Defend-

ant specifically argues that this photograph impermissibly placed his character in issue and that the photograph was improperly admitted for impeachment purposes. Because defendant did not make an objection on these bases at trial, the alleged errors are not preserved for review. *Waldrip v. State*, 267 Ga. at 748 (12), supra.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 8, 1999.

*Walter M. Chapman*, for appellant.

*Keith C. Martin, Solicitor, Michael L. Tripp, Assistant Solicitor,* for appellee.