## A02A0273. ELLER v. THE STATE.
(560 SE2d 60)

JOHNSON, Presiding Judge.

A jury found Jerry Eller guilty of two counts of driving under the influence of alcohol, leaving the scene of an accident, failing to yield the right of way, and being a habitual violator. In his sole enumeration of error, Eller contends his trial counsel was ineffective. Because this claim lacks merit, we affirm Eller's convictions.

To establish a claim of ineffective assistance of counsel, Eller must show that trial counsel's performance fell below a reasonable standard of conduct and that there was a reasonable probability that the outcome of the case would have been different but for the deficient performance of counsel.[1] Moreover, the trial court's finding that Eller received effective assistance of counsel must be upheld on appeal unless that finding is clearly erroneous.[2] On appeal, Eller states two grounds for his claim of ineffective assistance of counsel.

1. First, Eller contends that his trial counsel knew of certain witnesses and failed to call them at trial. However, this Court has consistently held that the decision regarding which witnesses to call is a

---

[1] See *Milner v. State*, 271 Ga. 578, 579 (2) (522 SE2d 654) (1999).
[2] *Rutledge v. State*, 237 Ga. App. 390, 391 (2) (515 SE2d 1) (1999).

matter of trial strategy and tactics and does not provide a basis for finding trial counsel ineffective.[3] Since Eller's trial counsel did not testify at the hearing on Eller's ineffective assistance claim, we assume trial counsel's actions were strategic.[4]

Moreover, in determining the prejudicial effect of trial counsel's failure to call a witness, Eller is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case.[5] Because Eller failed to call all but one of the witnesses at the hearing on his motion for new trial, it is impossible for him to show there is a reasonable probability the results of the proceedings would have been different if the witnesses had testified.[6]

As for the testimony of his mother, the only witness besides Eller to testify at his motion for new trial hearing, the record shows that she did not see the accident and her testimony was not relevant to the charges. Although she could have rebutted evidence about Eller's physical appearance immediately after the accident, the record shows that she was possibly a hostile and unreliable witness. She attempted to be removed from Eller's bond and had trouble distinguishing between Eller's previous arrests and the present arrest. In addition, her testimony was contrary to the weight of testimony on the subject and did not address the key issue of whether Eller was driving at the time of the incident. Under the circumstances, the decision by trial counsel not to call Eller's mother as a witness was reasonable.

2. Eller next contends that trial counsel was ineffective in failing to ensure that closing arguments were recorded. However, Eller had no right to have closing arguments recorded.[7] Accordingly, the fact that trial counsel did not request that closing arguments be fully recorded did not deprive Eller of any right and does not serve to demonstrate that his trial counsel was ineffective.[8] Furthermore, we note that OCGA § 5-6-41 provided Eller the means to reconstruct the proceedings for purposes of appeal, potentially removing any prejudice from the absence of a transcript of closing arguments.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

---

[3] *Beecher v. State*, 240 Ga. App. 457, 460 (4) (523 SE2d 54) (1999); *Rutledge*, supra at 392.

[4] *Taylor v. State*, 248 Ga. App. 715, 717 (5) (548 SE2d 414) (2001); *Veal v. State*, 242 Ga. App. 873, 877 (5) (a) (531 SE2d 422) (2000).

[5] *Letson v. State*, 236 Ga. App. 340, 341 (2) (512 SE2d 55) (1999).

[6] Id. at 342. See also *Randall v. State*, 234 Ga. App. 704, 706 (2) (a) (507 SE2d 511) (1998).

[7] *Anderson v. State*, 206 Ga. App. 354, 356 (4) (426 SE2d 6) (1992).

[8] *Ney v. State*, 227 Ga. App. 496, 503 (4) (h) (489 SE2d 509) (1997); *Anderson*, supra.

DECIDED FEBRUARY 1, 2002.

*C. David Turk III*, for appellant.

*N. Stanley Gunter, District Attorney, Gerald W. Bruce, Assistant District Attorney*, for appellee.