## A03A1729. MARSHALL v. THE STATE.
(594 SE2d 661)

MILLER, Judge.

Following a jury trial, Cortio Marshall was found guilty on two counts of aggravated assault. In his pro se appeal, he contends that (1) the trial court erroneously failed to instruct the jury on the "duplicitous" nature of the indictment, and further failed to merge at sentencing the two counts on which Marshall was found guilty (thereby allowing him to be convicted twice for the same offense), (2) the trial court erred in allowing the State to make improper comments to the jury during its unrecorded closing argument, (3) the trial court erred in allowing the State to amend the indictment without resubmitting it to the grand jury, and (4) the trial court erred in ruling against him on his claim of ineffective assistance of counsel. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence

reveals that Marshall attempted to rob a grocery store by holding the store owner at gunpoint. The store owner pulled out a gun and chased Marshall out of the store, where he and Marshall exchanged gunfire.

Marshall was indicted on three counts of aggravated assault: (1) aggravated assault with intent to rob (by pointing a gun at the store owner), (2) aggravated assault with a firearm (by pointing a gun at the store owner), and (3) aggravated assault with a firearm (by shooting a gun at the store owner). The indictment originally read that the victim was over 65 years old, but when the State learned before trial that the victim was actually 56 years old, the State entered into an agreement with defense counsel to amend the indictment to remove the victim's age.

The jury found Marshall guilty on Counts 1 and 2, but acquitted him of Count 3. The trial court merged Counts 1 and 2 for sentencing. Marshall attempted to appeal, alleging ineffective assistance. This Court remanded the case for a motion for new trial hearing on ineffective assistance, and following the denial of the motion for new trial, Marshall appeals.

1. Marshall argues in two enumerations that the trial court erroneously failed to advise the jury of the "duplicitous" nature of the indictment and further failed to merge Counts 1 and 2 for purposes of sentencing. However, a review of the indictment reveals that it contained no error.

> It has long been recognized that the *same offense*, that is the same species of offense, may be charged in different ways in *several counts* to meet the evidence. Accordingly, it likewise has long been recognized that an indictment which contains such alternative counts is *not* subject to a motion to dismiss.

(Citation and punctuation omitted; emphasis in original.) *State v. Corbitt*, 221 Ga. App. 304 (471 SE2d 261) (1996). Furthermore, the record reveals, contrary to Marshall's assertion, that the trial court did in fact merge Counts 1 and 2 at sentencing. These enumerations are without merit.

2. Marshall contends in his next two enumerations that the trial court erred in allowing the State to make improper comments during its closing argument. However, since the State's closing argument was not recorded, we cannot review the argument for any alleged error. *Baker v. State*, 247 Ga. App. 25 (2) (543 SE2d 70) (2000).

3. Marshall asserts that the trial court erred in allowing the State to amend the indictment to remove information about the victim's age. Since Marshall's attorney agreed to this change, however, any alleged error from the amendment was of Marshall's own mak-

ing, and he will not be heard to complain of the results here. See *Murry v. State*, 239 Ga. App. 861 (1) (522 SE2d 269) (1999) ("A criminal defendant cannot complain of an error or ruling which his own conduct procured or aided in causing.") (citation omitted).

4. Marshall argues that his trial counsel was ineffective for (a) failing to file a special demurrer to the indictment, (b) failing to request that opening and closing arguments be recorded, (c) failing to object to improper comments during the State's closing argument, and (d) agreeing to amend the indictment to remove the victim's age. We hold all of these arguments to be without merit.

To prove ineffective assistance, Marshall was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Here, evidence supported the trial court's finding that Marshall did not meet his burden of showing deficient performance and prejudice based on his counsel's actions.

(a) The record reveals that Marshall's counsel filed a general demurrer to the indictment, and Marshall has not shown how his counsel's failure to file a special demurrer prejudiced his defense in any way. As we held in Division 1, the indictment contained no error. We hold that evidence supported the trial court's conclusion that Marshall failed to carry his burden of proving ineffective assistance. *Wallace v. State*, 253 Ga. App. 220, 222-223 (3) (558 SE2d 773) (2002).

(b) Marshall had no right to have the arguments of counsel recorded, and therefore was not deprived of any right from his trial counsel's failure to request that such arguments be recorded. See *Eller v. State*, 253 Ga. App. 573, 574 (2) (560 SE2d 60) (2002); cf. OCGA §§ 5-6-41; 17-8-5 (a). Accordingly, his trial counsel did not render ineffective assistance for failing to request that opening and closing arguments be recorded. *Eller*, supra, 253 Ga. App. at 574 (2).[1]

(c) Closing arguments were not recorded, and at the motion for new trial hearing, no one besides Marshall testified that any improper comments were made. Indeed, Marshall's trial counsel did not recall any of the comments that Marshall alleges were made, and even stated that had any such comments actually been made, he would have strenuously objected. We hold that evidence supported the trial court's determination that no improper comments were

---

[1] To the extent that Marshall argues that OCGA §§ 5-6-41 and 17-8-5 are unconstitutional as applied to him, we hold such argument to be without merit.

made during the State's closing argument, and that Marshall has failed to carry his burden of showing deficient performance by his trial counsel. See *Mason v. State*, 274 Ga. 79, 80 (2) (b) (548 SE2d 298) (2001) (failure to object to proper closing argument does not amount to deficient performance).

(d) Since the State originally believed that the victim was over 65 years old (and that the victim's age would result in a harsher sentence for Marshall), the indictment indicated that the victim was over 65. When the State discovered that the victim was actually 56, it amended the indictment, with the approval of defense counsel. Since the information omitted from the indictment could have actually resulted in a lighter sentence for Marshall (compare OCGA § 16-5-21 (b) with OCGA § 16-5-21 (d)), and trial counsel was aware of this fact when he entered into the agreement with the State, we hold that evidence supported the trial court's conclusion that Marshall failed to show either deficient performance or prejudice as a result of his counsel's strategic decision. See, e.g., *London v. State*, 260 Ga. App. 780, 783-784 (6) (580 SE2d 686) (2003).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED FEBRUARY 2, 2004 —
RECONSIDERATION DENIED FEBRUARY 12, 2004 ▮▮▮▮▮▮▮

Cortio Marshall, *pro se.*
*Peter J. Skandalakis, District Attorney, Lynda S. Caldwell, Assistant District Attorney*, for appellee.