A05A0337. HARRIS v. THE STATE.
(613 SE2d 170)

BERNES, Judge.

Appellant Keith Harris appeals his convictions of speeding and of failure to maintain lane following a trial by jury. We affirm.

Viewed in the light most favorable to the verdict, the evidence shows that on June 13, 2003, at 10:56 p.m., a DeKalb County police officer observed Harris' vehicle speeding northbound on Interstate 85 in DeKalb County. The officer followed behind Harris' vehicle for two miles and "paced" his speed at approximately 68 to 74 miles per hour, a rate in excess of the posted speed limit of 55 miles per hour. The officer also observed that Harris was failing to maintain his lane in that the passenger side tires of the vehicle would break the double white lines of the lane.

The officer consequently executed a traffic stop of Harris' vehicle and cited Harris for speeding and for failure to maintain lane. Harris told the officer he thought the speed limit was between 65 and 70 miles per hour and he was weaving because he was eating while driving. Any rational trier of fact could have found Harris guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Harris contends that the panel of traverse jurors in his case did not represent a cross-section of the citizens of DeKalb County. Harris failed to raise this objection at trial and thus has not preserved this allegation of error for appeal. "[A]ny challenge to the composition of a panel of traverse jurors must be made when the panel is first put upon the accused, or there shall be a waiver of the right to contest its composition." (Citations omitted.) *Holsey v. State*, 235 Ga. 270, 271 (2) (219 SE2d 374) (1975).

Moreover, while the record in this case does not reflect the racial composition of the panel or the jury, "[t]here is no constitutional guarantee that grand or petit juries, impaneled in a particular case, will constitute a representative cross-section of the entire community." *Watson v. State*, 261 Ga. App. 562, 565-566 (3) (583 SE2d 228) (2003).[1]

2. Harris further contends that the trial court erred by charging the jury on two separate speeding charges when the officer had given him only one traffic ticket for speeding. Harris was charged in Count 1 of the accusation with "operating a motor vehicle at 74 miles per hour . . . when the speed limit . . . was 55 miles per hour" and in Count 2 with "operating a motor vehicle in excess of the posted speed limit of 55 miles per hour." The record reflects that the trial judge accurately read the multiple charges of the accusation to the jury and explained the difference between the two speeding counts. The jury

---

[1] Within the context of this enumeration of error, appellant also notes that two black jurors "were stricken" by the state. The record does not reflect that appellant interposed on objection to the state's use of its strikes at trial. Therefore, any issue with respect to the state's use of its strikes has not been preserved for appeal. *Ford v. State*, 180 Ga. App. 807, 808 (350 SE2d 816) (1986).

obviously distinguished the two speeding charges as Harris was found guilty of only one of the two speeding charges.

"It has long been recognized that 'the *same offense*, that is the same species of offense, may be charged in different ways in *several counts* to meet the evidence.' " (Citation omitted; emphasis in original.) *Lumpkins v. State*, 264 Ga. 255, 256 (2) (443 SE2d 619) (1994). See also *Marshall v. State*, 265 Ga. App. 556, 557 (1) (594 SE2d 661) (2004). "Where one crime is set out in various ways in the different counts to meet diversities in the proofs, no election of counts will ordinarily be required, but all will be left open for the jury to pass upon in their verdict." (Punctuation omitted.) *State v. Corbitt*, 221 Ga. App. 304 (471 SE2d 261) (1996), quoting *Conyers v. State*, 260 Ga. 506, 507 (2) (397 SE2d 423) (1990). The trial court did not err in charging the jury on the alternative counts of speeding as alleged in the accusation.

3. Harris also contends that the arresting officer gave perjured testimony.

Provision is made for setting aside verdicts resting on perjury, but there must first be a conviction. The only exception to the rule against setting aside a verdict without proof of a material witness' conviction for perjury, is where there can be no doubt of any kind that the State's witness' testimony in every material part is purest fabrication.

*Head v. State*, 256 Ga. App. 624, 628 (2) (569 SE2d 548) (2002). Harris has presented no evidence to the trial court or to this court showing that the officer has been convicted of perjury or that his testimony was "in every material part . . . purest fabrication." *Head*, 256 Ga. App. at 628 (2). Thus, this allegation of error is without merit.

4. Harris next contends the trial court improperly limited his cross-examination of the arresting officer. Harris has not supported this allegation with either citation to the record or citation of authority. Accordingly, we are not required to consider this allegation. Court of Appeals Rule 25 (c) (2) and (c) (3) (i).

Nonetheless, in the exercise of our discretion, we note our review of the record does not show a single instance where Harris was prohibited from asking any question of the officer. On one occasion, the trial judge interrupted Harris' cross-examination of the officer and briefly instructed Harris to not be argumentative and to allow the officer to complete his answers. While a defendant is entitled to a thorough and sifting cross-examination, the trial court has a duty "to protect a witness . . . from being unfairly dealt with," and does not abuse its discretion in prohibiting cross-examination questioning in

a "rapid fire" method. *Phyfer v. State*, 259 Ga. App. 356, 359-360 (4) (577 SE2d 56) (2003), quoting *Harris v. Central R.*, 78 Ga. 525, 534 (3) (3 SE 355) (1887).

5. Finally, Harris alleges that the trial court erroneously failed to follow the prosecutor's recommendation and instead imposed a harsh and excessive sentence. The sentencing judge is not bound by the recommendation of the prosecutor in imposing sentence. *Shakur v. State*, 239 Ga. 548, 550 (238 SE2d 85) (1977). OCGA § 17-10-3 (a) (1), (d) (2) and (d) (4) authorize the punishment of misdemeanor traffic offenses by a fine not to exceed $1,000; completion of a driver improvement course; and probation under such terms and conditions as prescribed by the judge. The sentencing judge is also authorized to require the performance of community service as a condition to probation under OCGA § 42-8-72 (a) (1) or to allow all or part of the fine to be satisfied through community service under OCGA § 17-10-1 (d).

The prosecutor informed the trial court of Harris' prior record of nine lifetime speeding convictions, three of which were obtained in the past five years, and two lifetime convictions for failure to maintain lane, one of which was obtained in the past five years. Based upon Harris' prior record, the prosecutor recommended a fine in the amount of $650 plus court costs, 12 months of probation, 24 hours of community service, and completion of a defensive driving course. The trial judge imposed the sentence recommended by the prosecutor, but added 16 additional hours of community service. The sentence imposed by the trial judge was within the limits of the law. "This court will not disturb a sentence within the statutory limits." *Scott v. State*, 240 Ga. App. 586, 588 (3) (524 SE2d 287) (1999).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED APRIL 6, 2005.

Keith Harris, *pro se.*

*Shawn E. LaGrua, Solicitor-General, Marie Kham, Assistant Solicitor-General*, for appellee.