A05A1981. HUNNICUTT v. THE STATE.
A05A1982. THOMAS v. THE STATE.
(623 SE2d 714)

MILLER, Judge.

This is the second time this child abuse case has come before us. In *Thomas v. State,* 262 Ga. App. 492 (589 SE2d 243) (2003), we held that the evidence was sufficient to support the verdicts against both the mother, Rose Marie Thomas, and the putative father, Greg Hunnicutt, but granted them a new trial on other grounds. Id. at 498 (2). Having been retried and convicted, the defendants now argue once again that the evidence was insufficient. Hunnicutt also asserts that the trial court erred in its handling of defense counsel during trial. We affirm in both cases.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State,* 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the

evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that the victim, who was two months old, lived in an upstairs bedroom with Thomas and Hunnicutt in a house which also included the victim's aunt, uncle, and four cousins in a basement apartment and her paternal grandparents upstairs. By their own account, Thomas and Hunnicutt were the baby's sole caretakers. In early January 1997, the baby was hospitalized for pneumonia. X-rays taken at that time showed at least six fractured ribs, though doctors did not notice the fractures at the time.

The aunt testified that the baby seemed "fine" when she bid the family good night on the evening of January 18, 1997. In the course of the night, the grandmother heard a loud noise coming from the victim's room and went across the hall to ask Thomas and Hunnicutt what it was. They told her that bowling balls had fallen, although no bowling balls were recovered from the room.

The following morning, Thomas carried the now-limp baby downstairs, called to Hunnicutt, and turned to go back upstairs. The aunt stopped Thomas, saying, "There's something wrong with the baby." The aunt then called 911, and a 13-year-old cousin administered CPR. After emergency medical technicians arrived on the scene and intubated the baby, Thomas and Hunnicutt retreated to their room. Neither parent told the EMTs that the child had suffered a fall or other trauma.

A police officer arrived and conducted a brief interview of the parents, noting both their "nonchalance" and their explanation that the child's bassinet had fallen off a chest of drawers onto the floor. The baby was transported to a local hospital and then to Scottish Rite. Her injuries included fresh fractures of the skull and thighs, as well as a subdural brain hemorrhage and massive swelling. Experts concluded that such injuries could have resulted only from high-speed impact against a hard surface, and that the baby had probably been grasped by the chest and swung against a wall or floor, perhaps more than once. These injuries were estimated to have occurred no more than six to eight hours before the arrival of the EMTs. Thomas and Hunnicutt both admitted to being with the baby in their bedroom throughout this period.

At trial, both defendants were found guilty of six counts of aggravated battery and two counts of cruelty to children, and sentenced to forty years to serve with twenty years probation to follow. Their motions for new trial were denied, and they now appeal.

1. A conviction based solely upon circumstantial evidence must be supported by facts which not only are consistent with the guilt of the accused, but exclude every reasonable hypothesis save that of

guilt. *Thomas*, supra, 262 Ga. App. at 494 (1); *Chung v. State*, 240 Ga. App. 394, 395 (1) (523 SE2d 615) (1999). This does not mean that the State must exclude every possible hypothesis showing innocence, but that it must do so as to any *reasonable* hypothesis showing innocence. *Thomas*, supra, 262 Ga. App. at 494 (1). The question whether a hypothesis of innocence is reasonable is a question for the jury. Id.

Here, the jury was free not only to reject the defendants' explanations of the child's injuries as unreasonable, but to find that the State's case — including testimony as to the extent and cause of the child's injuries and as to the defendants' access to her — excluded every reasonable possibility save the defendants' guilt. Thus we cannot say that the jury's verdicts were insupportable as a matter of law. See *Hood v. State*, 273 Ga. App. 430, 433 (1) (615 SE2d 244) (2005) (circumstantial evidence was sufficient that father caused child's brain injury); *Thomas*, supra, 262 Ga. App. at 494-495 (1).

2. Hunnicutt also argues that the trial court's interruptions of defense counsel's questions and its characterization of the prosecutor as "on a roll" during closing argument were sufficiently improper as to demand a new trial. We disagree.

Although a defendant is entitled to a thorough and sifting cross-examination, the trial court has a duty to protect a witness from being unfairly dealt with, and does not abuse its discretion in prohibiting cross-examination questioning in a "rapid fire" method. *Harris v. State*, 272 Ga. App. 650, 652-653 (4) (613 SE2d 170) (2005). Here, defense counsel often cut off witnesses' answers and sometimes prefaced his questions with statements or recitations. The trial court's comment concerning the State's closing argument, moreover, came in the context of an apology for interrupting that argument in order to take a phone call. We have reviewed the record, and find that the trial court did not depart from a position of impartiality to the extent that an unfair trial resulted in these cases. Id. (no abuse of discretion in protecting witnesses from defense counsel's interruptions); see also *Ingram v. State*, 134 Ga. App. 935, 939 (7) (216 SE2d 608) (1975).

*Judgments affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 23, 2005.

*Robert H. Alexander III*, for appellants.
*Patrick H. Head, District Attorney, Amy H. McChesney, Charles P. Boring, Assistant District Attorneys*, for appellee.