A07A0905. MARTIN v. THE STATE.
(646 SE2d 339)

PHIPPS, Judge.

Following his conviction of burglary, Charles Martin appeals the trial court's denial of his motion for new trial on the ground of ineffective assistance of counsel. Finding no error in the court's denial of that motion, we affirm.

Martin was charged with the burglary of a dwelling house by entering it with the intent to commit theft and with the theft by taking of items of personal property from the house. The jury found him guilty on both counts. And the court gave Martin a ten-year sentence for his burglary conviction and a consecutive five-year sentence for his theft by taking conviction. But after defense counsel filed a motion for reduction of sentences on the ground that they were unduly harsh, the prosecutor stipulated that Martin's theft by taking conviction merged with his burglary conviction on the ground that they arose from the same set of facts. As a result, the court entered an order effectively vacating Martin's sentence for theft by taking on the ground that his conviction for that offense merged into his burglary conviction but denying his motion for new trial.

Martin contends that he is entitled to a new trial on the burglary count of the indictment, because his trial lawyer was ineffective in failing to raise the claim that the state was relying on the same facts to support the burglary and theft by taking charges and in not asking the court to instruct the jury that it should find him guilty on one charge or the other but not both. This argument is without merit for more reasons than one. First, the burglary and theft by taking charges or convictions were not based on the same facts; the burglary was complete when Martin entered the dwelling house with the

intent to commit theft; and the theft by taking occurred when Martin actually took the property described in the indictment and shown to have been taken by the evidence at trial.[1] Moreover, even if one offense had been included in the other as a matter of fact, Georgia law did not afford Martin a right to dismissal of either charge or to a limiting instruction to the jury.[2]

For these reasons, the trial court did not err in refusing to grant Martin a new trial on the burglary charge. Although the court granted Martin relief to which he was not entitled by merging his theft by taking conviction into his burglary conviction and vacating his sentence for the former offense, that ruling is not under appeal. Nor would it seem that the ruling is subject to appeal.[3] We, therefore, affirm the judgment.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 11, 2007.

*Dwayne C. Singleton*, for appellant.
*Richard G. Milam, District Attorney*, for appellee.

---

[1] See *Carter v. State*, 238 Ga. App. 632, 634 (2) (519 SE2d 717) (1999).

[2] See *Marshall v. State*, 265 Ga. App. 556, 557 (1) (594 SE2d 661) (2004) (defendant not entitled to an instruction informing jury that an indictment charging greater and lesser offense is duplicitous); *Sutton v. State*, 124 Ga. 815, 816 (53 SE 381) (1906) (defendant not entitled to grant of a motion to require state to elect to prosecute one but not both of alternative charges unless charges grow out of different transactions).

